629 A.2d 182

**George ATIYEH, t/a Acorn Hotel, Appellant,**

**v.**

**PENNSYLVANIA LIQUOR CONTROL BOARD.**

Commonwealth Court of Pennsylvania.

Argued March 29, 1993.

Decided July 6, 1993.

Reargument Denied Sept. 13, 1993.

A.T. Gillespie, Jr., for appellant.

Fancis X. O'Brien, Jr., Chief Counsel, for appellee.

Before SMITH and KELLEY, JJ., and LORD, Senior Judge.

KELLEY, Judge.

George Atiyeh (licensee) is the holder of a liquor license issued by the Pennsylvania Liquor Control Board (LCB). In January of 1990, the LCB notified licensee that his license would not be renewed because of nine pending citations against him and two citations which had been adjudicated. Licensee requested a hearing before an examiner for the LCB and after said hearing, the LCB upheld its decision. Licensee then appealed to the Court of Common Pleas of Lehigh County (trial court) which affirmed and this appeal followed.

■ Our scope of review in a non-renewal case, as distinguished from a license revocation case, is limited to determining whether there is substantial evidence to support the trial court's determination, and whether the trial court committed an error of law or an abuse of discretion. *4828 Pace's Lounge, Inc. v. Pennsylvania Liquor Control Board,* 144 Pa.Commonwealth Ct. 155, 601 A.2d 408 (1991).

■ Licensee first argues that the LCB should not have considered the two citations which have already been adjudicated in making its decision because licensee has already paid the penalty for those violations.[1] Licensee makes what is essentially a double jeopardy argument.

In *Slovak–American Citizens Club of Oakview v. Pennsylvania Liquor Control Board,* 120 Pa.Commonwealth Ct. 528, 549 A.2d 251 (1988), this court held that double jeopardy is inapplicable with respect to a liquor license revocation proceeding because it is civil in nature. Section 470(a) of the Liquor Code (Code)[2] explicitly states that the LCB can consider violations of the liquor laws and regulations in refusing to renew a license. Although penalties may have been imposed and satisfied for individual violations, it is not improper for the LCB to look at a pattern of violations for which penalties have already been paid in deciding whether to renew a license.

■ Licensee also argues that the LCB erred in considering the pending violations in making its decision not to renew. In 1987, the Code was reenacted and amended such that the enforcement powers previously possessed by the LCB were given to the Bureau of Liquor Control Enforcement of the Pennsylvania State Police (bureau).[3] It is now the bureau

1. The first citation was for the selling or furnishing of alcoholic beverages to minors for which licensee paid a $1000 fine. The second citation was for the maintenance of an outdoor service bar and for advertising the price of alcoholic beverages, for which licensee paid a $450 fine.

2. Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. § 4–470(a).

3. Section 211 of the Code, added by the Act of June 29, 1987, P.L. 32, 47 P.S. § 2–211.

which issues citations for violations of the liquor laws by a licensee, and the charges contained in the citation are then heard by an administrative law judge (ALJ) who decides whether a violation has occurred and whether a fine should be imposed and/or the license should be suspended or revoked. Section 471 of the Code, 47 P.S. § 4–471. The LCB's role is now limited to considering appeals from the ALJ's decision. The LCB is not authorized to conduct its own hearings and must affirm the ALJ's decision if it is supported by substantial evidence.[4]

In this case, because the pending charges had not yet been heard by an ALJ, the LCB conducted hearings on the charges so that it could make its own findings as to whether licensee had committed the violations. The LCB found that the allegations in the pending charges had been proven and considered this finding in making its decision not to renew. We agree with licensee that this was improper. It is no longer the LCB's function to adjudicate the charges under the pending citations and the LCB has effectively usurped the powers of the bureau (which may have decided not to pursue the charges) and the ALJ who will ultimately hear the pending charges. After the citations are adjudicated in the proper manner under the Code, licensee may ultimately be found not to have committed the violations, and the LCB therefore abused its discretion by using the allegations contained in the pending citations in making its decision not to renew.

Because the LCB improperly considered the pending violations in making its decision not to renew the license, we cannot allow this decision to stand. We will therefore reverse the

**4.** The relevant language in section 471 concerning appeals to the LCB reads:

> In the event the bureau or the person who was fined or whose license was suspended or revoked shall feel aggrieved by the adjudication of the administrative law judge, there shall be a right to appeal to the board. The appeal shall be based solely on the record before the administrative law judge. The board shall affirm the decision of the administrative law judge if it is based on substantial evidence; otherwise, the board shall reverse the decision of the administrative law judge.

47 P.S. § 4–471(b).

order of the trial court and direct the LCB to renew the license.

## ORDER

NOW, this 6th day of July, 1993, the order of the Court of Common Pleas of Lehigh County, dated February 14, 1992, at No. 50–M–1990, is reversed. The Pennsylvania Liquor Control Board is directed to renew the liquor license of George Atiyeh.