641 A.2d 713

**BALL PARK'S MAIN COURSE, INC. T/A Kenwood's Ball Park Tavern, Appellant,**

**v.**

**PENNSYLVANIA LIQUOR CONTROL BOARD and Pennsylvania State Police, Bureau of Liquor Enforcement.**

Commonwealth Court of Pennsylvania.

Argued Feb. 2, 1994.

Decided May 2, 1994.

Petition for Allowance of Appeal Denied Oct. 19, 1994.

Walter D. Campbell, for appellant.

No appearance for appellee.

Before CRAIG, President Judge, and DOYLE, COLINS, McGINLEY, SMITH, PELLEGRINI and KELLEY, JJ.

DOYLE, Judge.

Ball Park's Main Course, Inc., trading as Kenwood's Ball Park Tavern (Licensee) appeals from the order of the Court of Common Pleas of Bucks County which affirmed the decision of the Pennsylvania Liquor Control Board (Board), refusing to renew Licensee's liquor license. Before us also is a motion filed by the Board to dismiss Licensee's appeal.

At issue in this case, is the renewal of a Restaurant Liquor License, held by Licensee pursuant to the Pennsylvania Liquor Code (Code).[1] The following is the relevant history. Licensee's license was scheduled to expire at 12:00 a.m. on October 31, 1990. Prior to that date, Licensee timely submitted the proper renewal forms to the Board. The Licensing Department of the Board received the forms on or about August 31, 1990. However, effective June 10, 1990, the Pennsylvania General Assembly had raised the fees for such renewals. The Board claims that it notified all licensees, by letter dated July 16, 1990, of the new fees and that insufficient fees received after September 4, 1990, would necessitate an additional late filing fee. Licensee denies ever receiving such notice.

1. Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §§ 1–101—9–902.

By letter of September 5, 1990, the Board informed Licensee that it had failed to provide "all requisite fees" with the renewal application and that Licensee owed additional fees which it would be required to pay. The Board's Licensing Department received the additional payments and issued a receipt to Licensee. By letter of September 15, 1990, the Board then advised Licensee that it had a tax deficiency or arrearage with the Pennsylvania Department of Revenue. Licensee promptly satisfied its tax deficiencies and delivered the tax clearance statements to the Board's Licensing Department.

Finally, on October 5, 1990, the Board notified Licensee that it refused to renew its liquor license for the licensing year beginning November 1, 1990, on the grounds that Licensee had abused its licensing privilege, citing multiple violations including: (1) utilizing a loudspeaker or similar device on its premises whereby the sound of music or other entertainment could be heard outside the licensed premises in violation of Section 5.32(a) of the Board's regulations, 40 Pa.Code § 5.32(a); (2) having an inside passage or communication to or with another business conducted by Licensee without Board approval in violation of Section 3.52(b) of the Board's regulations, 40 Pa.Code § 3.52(b); (3) selling liquor for off-premises consumption in violation of Section 406(a) of the Code, 47 P.S. § 4–406(a); and (4) selling or permitting the sale of alcoholic beverages to minors in violation of Section 493(1) of the Code, 47 P.S. § 4–493(1).

Licensee made a timely protest of the refusal to renew and the Board appointed a hearing examiner to conduct hearings.[2]

2. Section 464 of the Code, which governs the Board's refusal to renew, provides that after a refusal to renew a liquor license, the Board, upon motion of the licensee or the Board, shall appoint a hearing examiner to conduct a hearing to allow the licensee and the Board to present evidence and cross-examine witnesses. 47 P.S. § 4–464. The hearing is recorded and the examiner submits a report to the Board, which then makes the ultimate decision on whether to renew. *Id.* In contrast to this procedure, a citation for a violation of the Code, pursuant to Section 471 of the Code, 47 P.S. § 4–471, is actually adjudicated by an administrative law judge (ALJ) who issues an opinion and ruling on the violation.

The Board's examiner conducted hearings on October 25 and 31, 1990, and subsequently issued a report to the Board, pursuant to Section 464 of the Code, recommending that the Board refuse to renew the Licensee's liquor license. At the time of the hearing before the Board's examiner, two out of the eleven citations relied upon by the Board's examiner in denying the renewal had not yet been adjudicated by an ALJ.[3] The other nine citations which had been adjudicated were then on appeal to the Court of Common Pleas of Bucks County. Nonetheless, the Board's examiner heard evidence on all of the citations including the two not yet adjudicated by an ALJ. Following the examiner's recommendation, Licensee filed a timely appeal to the Board. By order of June 5, 1991, the Board affirmed its prior decision denying Licensee's renewal application.

Licensee appealed the Board's order to the Court of Common Pleas of Bucks County. After a de novo hearing on September 23, 1991, the common pleas court, by order of June 5, 1992, affirmed the Board's order denying renewal.[4] The trial court found that the Board could consider pending, unadjudicated citations, *but added that, even excluding the two pending citations, the Board's decision to deny renewal*

3. Citation No. 90–0416, which was outstanding at the time of the renewal hearing had been issued for a violation of 40 Pa.Code § 5.32, which prohibits the utilization of a loudspeaker by which the sound of entertainment or music may be heard outside the premises. The other outstanding citation, No. 89–1923, was issued for loudspeaker violations and a violation of 40 Pa.Code § 3.52(b), which prohibits a licensee from having an inside passage communicating with another business without Board approval. By the time of the Board's final order on June 5, 1991, an ALJ had found that Licensee had violated the Code as charged in both citations. However, the Board noted that:

 This Board is making its own independent determination that the incidents underlying these citations actually occurred, so the intervening determinations of liability on the citations are not the basis of the Board's determination.

 Board's Opinion at 9 n. 1.

4. The Board offered certified copies of the hearing before the examiner, his recommendation, and the Board's final order. Licensee's objections to the admission of the Board's exhibits were overruled. Licensee offered new witnesses, but the trial court found, based on Licensee's offer of proof, that Licensee was offering no new testimony, and accordingly, it sustained the Board's objections to the witnesses.

*was amply supported by the nine adjudicated violations.* This appeal followed.

█ On appeal,[5] Licensee argues, *inter alia,* that: (1) the trial court erred in failing to allow Licensee to present new evidence and testimony, in accepting the Board's evidence, and in not dismissing the Board's case because the Board's evidence was inadmissible, (2) the Board erred in considering unadjudicated citations, and (3) the Board erred in finding that Licensee had violated the regulations for which it was cited in the unadjudicated citations. However, because the Board filed a Motion to Dismiss Licensee's appeal as moot, we will address its motion first.

█ In support of its Motion to Dismiss the Appeal, the Board argues that, regardless of the pending appeal on Licensee's renewal application for the license year November 1, 1990 to October 31, 1991 (90–91), Licensee never filed a renewal application for the ensuing licensing years (11–1–91 to 10–31–92 and 11–1–92 to 10–31–93) and Licensee *must* apply for renewal of its license each and every year and tender the proper fees and bond to preserve its license. The Board contends that failure to file the fees and bonds for every license year following the year pertaining to the Board's initial refusal to renew means that Licensee has no current controversy before this Court since the period for which it sought renewal (90–91) has passed and Licensee never sought renewal for subsequent years. In opposition to the motion, Licensee argues that endorsement of the Board's interpretation of the Code would effectively preclude judicial review of Board decisions not to renew liquor licenses by mooting appeals of those decisions where the term of the initial renewal, here, for example, 90–91, has expired.

The Section of the Code governing the duration of a license provides, in relevant part:

**5.** Our scope of review in a non-renewal case is limited to a determination of whether the trial court committed an error of law, abused its discretion, or made findings of fact unsupported by substantial evidence. *Atiyeh v. Pennsylvania Liquor Control Board,* 157 Pa.Commonwealth Ct. 28, 629 A.2d 182 (1993).

(a) Licenses issued under this article to distributors, importing distributors and retail dispensers shall, unless revoked in the manner provided in this act, *be valid for the license year which may be established by the board* for the particular license district in which the license issues.

Section 434(a) of the Code, 47 P.S. § 4–434(a) (emphasis added). The Board argues that Licensee has only appealed the nonrenewal of its liquor license for the period November 1, 1990, to October 31, 1991, because a Pennsylvania liquor license is granted for a specific one-year period only. Section 434 of the Code, 47 P.S. § 4–434.

However, Section 434 of the Code, 47 P.S. § 4–434, must be read in conjunction with Section 464 of the Code,[6] 47 P.S. § 4–464, which governs the appeal from the final denial by the Board of a renewal application, which provides in relevant part:

Any applicant ... who is aggrieved by the refusal of the board to issue any such license or to renew or transfer any such license ... may take an appeal limited to the question of such grievance, within twenty days from the refusal or grant, to the court of common pleas of the county in which the premises applied for is located.... *The said appeal shall act as a supersedeas unless upon sufficient cause shown the court shall determine otherwise.* The court shall hear the application de novo on questions of fact, administrative discretion and such other matters as are involved, at such time as it shall fix, of which notice shall be given to the board. The court shall either sustain or over-rule the action of the board and either order or deny the issuance of a new license or the renewal or transfer of the license to the applicant. (Emphasis added.)

**6.** Section 464 of the Code, 47 P.S. § 4–464, was amended and reenacted by the Act of June 29, 1987, P.L. 32 (Act 14), and further amended by the Act of December 7, 1990, P.L. 622, to provide for hearings before administrative law judges rather than hearing examiners, effective June 30, 1992. However, on June 30, 1992, jurisdiction was transferred back to the hearing examiners by Section 7 of the Act of June 30, 1992, P.L. 327. Licensee's case was before a hearing examiner under the former provisions.

Thus, Section 464 of the Code provides that an appeal to a common pleas court acts as a supersedeas, and therefore there is no requirement that the licensee continually make yearly applications once the Board makes its initial decision not to renew.

Furthermore, Section 1921(b) of the Statutory Construction Act of 1972, provides that, "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). Here, the plain language of Section 464 of the Code provides for an appeal from the Board's refusal to renew a liquor license without requiring that a licensee constantly seek renewal, and empowers a court to order renewal of the license. To impose a requirement that a licensee seek subsequent year renewals of a license which has already been denied renewal would generate endless applications and appeals, all generated by the Board's initial decision not to renew the liquor license. Therefore, we deny the Board's motion to dismiss Licensee's appeal.

█ Turning now to the merits of Licensee's appeal, we begin by addressing Licensee's first issue that it should have received a de novo hearing before the trial court at which it could have presented testimony and cross-examined witnesses as it did before the hearing officer, based on Section 464 of the Code.[7] While Licensee is correct in stating that the trial court is authorized to hear the case de novo and reverse the Board's decision where the trial court finds new facts varying from those accepted by the Board, or finds that the Board clearly

7. We note that *Appeal of Iggy, Inc.*, 140 Pa.Commonwealth Ct. 168, 592 A.2d 122 (1991), in which we said that amended Section 471 of the Code does not authorize a trial court to hold a de novo review in a citation case appeal, does not apply here. *Iggy* was an appeal of a *citation* adjudication under Section 471 of the Code, not an appeal of a license *renewal* denial under Section 464 of the Code. We further note that *Iggy* was overruled, *sub silentio*, by the Supreme Court in *Pennsylvania State Police, Bureau of Liquor Control Enforcement v. Cantina Gloria's Lounge, Inc.*, 536 Pa. 254, 639 A.2d 14 (1994), wherein the Supreme Court held that an appeal under Section 471 of the Code is reviewed de novo by the common pleas court. However, as in *Iggy*, *Cantina Gloria's Lounge* specifically dealt with a Section 471 appeal and was not an appeal under Section 464.

abused its discretion, *Byer v. Pennsylvania Liquor Control Board,* 73 Pa.Commonwealth Ct. 336, 457 A.2d 1344 (1983), we have never held that a trial court *must* totally rehear the entire case or that it is legally obligated to accept any and all evidence proffered by a licensee. Such decisions on the conduct of the hearing and the admissibility or relevance of evidence are within the sound discretion of the trial court and will not be disturbed absent a showing of a manifest abuse of discretion. *See Kearns v. Clark,* 343 Pa.Superior Ct. 30, 493 A.2d 1358 (1985). Licensee has made no such showing here.

▆ Licensee counters that the transcript from the hearing before the Board's examiner and the Board's own opinion and order were each "inadmissible," because the trial court hearing was de novo, citing *Commonwealth v. Emerick,* 373 Pa. 388, 96 A.2d 370 (1953) (transcript of hearing before Secretary of Revenue taken to determine whether to suspend driver's license under the then existing vehicle code was not "properly" part of record before the trial court hearing the appeal de novo). The Supreme Court in *Emerick* reasoned that the former vehicle code vested discretion in the trial court whether to suspend the license or not. However, the basis of that reasoning, that the trial court is to exercise its discretion, makes *Emerick* inapposite to the case before us. Here, it is the Board's discretion which is at issue and, unless the trial court makes new findings of fact varying from those accepted by the Board, the trial court reviews the Board's determination under an abuse of discretion standard.

Licensee argues that the trial court does have the discretion whether to renew or refuse to renew a liquor license, citing *Adair v. Pennsylvania Liquor Control Board,* 519 Pa. 103, 546 A.2d 19 (1988).[8] *Adair* is not only inapposite because it

8. In *Adair*, the Supreme Court concluded that amended Section 471 of the Code, vested discretion in the trial court, based on the former language of·Section 471, which provided that:

[T]he court so appealed to shall, *in the exercise of its discretion,* sustain, reject, alter or modify the findings, conclusions and penalties of the board, based upon the findings of fact and conclusions of law as found by the court.

deals with Section 471 of the Code, but we specifically rejected its application to Section 464 of the Code, which governs renewals, in *Beach Lake II*. In *Beach Lake II*, we concluded that amended Section 464, which is at issue here, contains significantly different language from Section 471 which governs revocations, and vests discretion in the Board and not with the trial court. Therefore, it is the trial court's function to determine whether the Board abused its discretion, and not to exercise its own discretion in determining whether to renew a liquor license. *Beach Lake II*.[9]

Finally, a rule that the proceedings before the Board and its examiner are inadmissible, or are not "proper," before the trial court has never been applied by this Court, because such a rule would simply preclude the trial court from reviewing the propriety of a Board order, the very task which a licensee appealing that order has asked the trial court to undertake. We, therefore, reject Licensee's arguments that it was denied a hearing de novo in accordance with Section 464 of the Code. 47 P.S. § 4-464. For the same reason, we reject Licensee's arguments that the trial court should have refused to allow the

47 P.S. § 4-471 (emphasis added). That language was deleted in Act 14 of 1987. As noted in *Beach Lake United Methodist Church v. Pennsylvania Liquor Control Board*, 126 Pa.Commonwealth Ct. 71, 558 A.2d 611 (1989) (*Beach Lake II*), such language does not appear in the current Section 464 of the Code.

9. In *Cantina Gloria's Lounge*, the Supreme Court, in dicta, discussed the standard of review under Section 464 of the Code applicable to an appeal before the common pleas court. Specifically, the Supreme Court noted that:

> [T]he trial court failed to exercise its discretion in determining whether the penalty imposed by the administrative law judge was proper under the facts of the case because the trial judge believed that the penalty could not be altered once the findings and conclusions of the administrative law judge were adopted.

*Id.*, at 266, 639 A.2d at 20.

In the case now before us, however, the trial judge, after making his own findings of fact, specifically found that even excluding the two pending citations, the Board's decision to deny renewal was amply supported by the nine adjudicated citations, *see supra* discussion at p. 5, and stated that, "this Licensee's record of regulatory violations, even excluding the two citations in question, provide an ample basis for non-renewal of this liquor license within the terms of Section 4-470 of the Liquor Code." Trial court opinion at 8.

introduction of the record made below and should have dismissed the case because the Board's evidence was inadmissible. *See Adair* (trial court properly considered record made before the hearing examiner).

 Next, Licensee contends that this Court should reverse the trial court and the Board because both erred in considering the two citations, which had not yet been adjudicated by an ALJ at the time of the hearing before the Board's examiner.[10] We agree with Licensee that the Board erred in considering pending citations. *Atiyeh v. Pennsylvania Liquor Control Board,* 157 Pa.Commonwealth Ct. 28, 629 A.2d 182 (1993).[11] However, the Board also based its decision not to renew the license not only on the two unadjudicated violations, but on the nine other violations of the Code by Licensee which had been adjudicated by the ALJ, and the trial court explicitly found that "the Board's decision to deny renewal was amply supported by [those] nine adjudicated violations."

 Although the issue was not precisely set forth in Licensee's brief under the Statement of Questions Involved,[12]

10. Due to our resolution of the case entirely prohibiting consideration of these unadjudicated citations, we need not address Licensee's specific arguments as to evidentiary errors made by the hearing examiner, the Board and the trial court in considering the unadjudicated citations. We note further, that by the time of the Board's final order, June 3, 1991, an ALJ had filed an adjudication and had found that the Licensee *had* violated the Code in both instances. *See supra* note 3.

11. Section 471 of the Code, which governs citations issued for violations of the Code, was amended in 1987, to vest authority to adjudicate such citations in the ALJs. 47 P.S. § 4–471. The consideration before the Board's examiner of the citations and subsequent finding by the Board and the trial court, that Licensee had violated the Code, was a clear abuse of discretion. *Atiyeh.*

12. Pa.R.A.P. 2116(a) provides that, "no point will be considered which is not set forth in the statement of questions involved or suggested thereby." The Court will stretch a point and review Licensee's argument as to the adjudicated citations as "suggested" by his final, though very vague, question. However, we note that Licensee's brief clearly violates the provision of Pa.R.A.P. 2116(a), which provides that the Statement of Questions Involved "must never exceed one page." Licensee's Statement of Questions Involved is three pages in length. Future failure to comply with the Rules of Appellate Procedure could have dire consequences.

the Licensee argues that the Board is precluded from considering citations which have been adjudicated, but are still on appeal to a trial court. We disagree. The ALJs are the ultimate finders of fact and the Board is limited to an appellate function in reviewing their decisions. Section 471(a) of the Code, 47 P.S. § 4–471(a). Once an ALJ has issued an order finding that a licensee has violated the Code, the citation has been adjudicated. Once the citation has been adjudicated, Section 470(a) of the Code, which governs the renewal of licenses, permits the Board to consider the violation in determining whether to renew the license. *See* Section 470(a) of the Code, 47 P.S. § 4–470(a).

Clearly, nine violations of the Code within a four year period is sufficient evidence to support the Board's denial of the Licensee's renewal application. *See Slovak–American Citizens Club v. Pennsylvania Liquor Control Board,* 120 Pa.Commonwealth Ct. 528, 549 A.2d 251 (1988) (where multiple violations adjudicated, revocation is proper although one violation is overturned). Accordingly, neither the Board's denial of Licensee's application of renewal, nor the trial court's order affirming the Board's denial, was an abuse of discretion.

In conclusion, we repeat with approval from the trial court's opinion:

> [T]his licensee's record of regulatory violations, even excluding the two citations in question, provide[s] an ample basis for non-renewal of this liquor license within the terms of Section 4–470 of the Liquor Code. In this case, nine violations with[in] a four-year period would give the Board ample reason under Section 4–470 to refuse renewal of this liquor license. No evidence is before this Court that the decision was the result of an abuse of discretion.

Trial court opinion at 8–9.

Based on the foregoing discussion, we affirm the trial court's order.

## ORDER

NOW, May 2, 1994, the Motion to Dismiss filed by the Pennsylvania Liquor Control Board in the above-captioned

matter is hereby denied and the order of the Court of Common Pleas of Bucks County in the above-captioned matter is affirmed.