**PENNSYLVANIA LIQUOR CONTROL BOARD, Appellant,**

v.

**CAN, INC.**

Commonwealth Court of Pennsylvania.

Argued April 4, 1995.

Decided Sept. 5, 1995.

Michael L. Plumley, Assistant Counsel, for appellant.

Gary Lysaght, for appellee.

Before DOYLE and SMITH, JJ., and SILVESTRI, Senior Judge.

DOYLE, Judge.

The Pennsylvania Liquor Control Board (LCB) appeals an order of the Court of Common Pleas of Cumberland County, which reversed an order of the LCB refusing to renew the liquor license of Can, Inc.

Can operates a bar known as Johnnie's Cafe, located in East Pennsboro Township, Cumberland County; Johnnie's Cafe has a reputation for being a "bikers" bar. Can has a restaurant liquor license, issued in 1990, which permits it to serve alcoholic beverages at Johnnie's Cafe. Can applied to the LCB for a renewal of that license for the period beginning February 1, 1993. The LCB, however, notified Can that it objected to the renewal of its license, for the following reasons: (1) Can was issued a citation for permitting Johnnie's Cafe to be used for drug transactions, which resulted in a $1,000 fine and a suspension of Can's license for 120 days;[1] (2) Can was issued a citation for permitting lewd entertainment on the premises involving improper sexual contact between a nude dancer and the bar's patrons, which resulted in a $1,000 fine; and (3) disturbances involving loud and disorderly con-

---

1. Sustained on appeal. *See Pennsylvania State Police, Bureau of Liquor Control Enforcement v. Can, Inc.*, 651 A.2d 1160 (Pa.Cmwlth.1994), *petition for allowance of appeal denied,* ⎯ Pa. ⎯, 664 A.2d 554, (1995).

duct.[2] Both of the above citations were litigated and finally decided against Can.

Thereafter, a hearing was conducted by an LCB hearing examiner, who determined that Can's license should not be renewed. That recommendation was adopted by the LCB and an order was issued denying the renewal of Can's license. The LCB explained its reasons for denying the renewal as follows:

> A review of the evidence presented at the hearing indicates that the conduct of the licensed premises is such as to warrant non-renewal in this matter. The record indicates that on approximately twenty-seven (27) occasions, the licensed premises was used by drug traffickers to consummate drug deals. The panel of Administrative Law Judges [in a prior decision on the citation for drug activity involving Can] ... felt that the Licensee knew or should have known of the drug activity and therefore sustained the citation.... In addition, the Licensee has allowed the licensed premises to be used for lewd and immoral conduct, and there was at least one violent incident precipitated by a patron of the licensee. Thus, in its judgment, the Board concludes that Licensee has abused the privilege of holding a liquor license, and should be denied renewal of the license.

(LCB Decision at 7–8.) Can appealed the LCB's decision to the trial court, which, after conducting a de novo hearing and accepting additional evidence, reversed the decision of the LCB and ordered it to renew Can's liquor license. The trial court concluded that the LCB relied, primarily, on the prior citation against Can for permitting drug activity on the premises as the reason for refusing to renew Can's license. Applying the scope of review articulated in *Pennsylvania State Police, Bureau of Liquor Control Enforcement v. Cantina Gloria's Lounge*, 536 Pa. 254, 639 A.2d 14 (1994), the trial court determined

that the LCB's decision not to renew Can's liquor license was too harsh. The trial court based that determination on its finding that the corporate owner of Can, Ron Nott, was unaware of the drug activity at Johnnie's Cafe, and, in the absence of Nott's actual knowledge of the drug trafficking, it held that nonrenewal of Can's license was unwarranted. The trial court also stated that the prior citation of Can for lewd behavior and the violent incident caused by a patron of Can, by themselves, were insufficient to deny Can renewal of its liquor license. This appeal by the LCB followed.

■ The LCB presents two issues for our review: (1) Whether the trial court erred in applying the scope of review in *Cantina Gloria's Lounge*, instead of the more limited scope of review applied in *Ball Park's Main Course, Inc. v. Pennsylvania Liquor Control Board*, 163 Pa.Commonwealth Ct. 636, 641 A.2d 713, *petition for allowance of appeal denied*, 539 Pa. 655, 651 A.2d 542 (1994); and (2) whether the trial court erred in failing to apply the doctrine of collateral estoppel, when another judge of the same court, who affirmed the citation issued against Can for allowing drug activity to occur on the premises, determined that Nott knew or should have known about the drug activity.[3]

We will first consider the LCB's contention that the trial court applied the incorrect scope of review. The trial court, relying on *Cantina Gloria's Lounge*, determined that it could conduct a de novo review of the LCB's decision, that is, make its own findings of fact and conclusions of law and sustain, alter, change, or modify the decision of the LCB.

■ *Cantina Gloria's Lounge* reversed prior law[4] and held that common pleas courts may conduct de novo review of LCB decisions under Section 471 of the Liquor Code (Code),[5] which pertains to enforcement

---

2. The LCB also based its decision not to renew the license on Can's failure to obtain a tax clearance certificate. Can, however, obtained that certificate prior to the LCB's hearings in this matter.

3. Our scope of review in this matter is whether the trial court committed an error of law, abused its discretion, or made findings of fact unsupported by substantial evidence. *Ball Park*.

4. *Appeal of Iggy, Inc.*, 140 Pa.Commonwealth 168, 592 A.2d 122 (1991), overruled *sub silencio* by the Supreme Court in *Cantina Gloria's Lounge*.

5. Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. § 4–471.

actions against licensees for violations of the Code and the LCB's regulations. The term "de novo review" as applied in Section 471 appeals means that a trial court has the authority, in the exercise of its statutory discretion, to make findings of fact and conclusions of law. *Cantina Gloria's Lounge.* Most important, a common pleas court has the authority in a Section 471 appeal to sustain, alter, change, modify or amend a decision of the Board, even if that court does not make findings of fact that are materially different from those found by the Board. *Id.; Adair v. Pennsylvania Liquor Control Board,* 519 Pa. 103, 546 A.2d 19 (1988).

■ The scope of review for common pleas courts under Section 471 of the Code, however, is different from the more narrow standard applied in cases under Section 464 of the Code, 47 P.S. § 4–464, involving the renewal or transfer of liquor licenses or amusement permits. Under the scope of review for Section 464 appeals, a trial court is prohibited from reversing a decision of the Board unless there has been a manifest abuse of discretion or the trial court makes findings of fact that vary from those made by the Board. *Ball Park; Beach Lake United Methodist Church v. Pennsylvania Liquor Control Board,* 126 Pa.Commonwealth Ct. 71, 558 A.2d 611 (1989). A trial court is not permitted to substitute its findings of fact for those of the Board, when the evidence before the two tribunals is substantially the same. *Beach Lake.*

The Supreme Court in *Cantina Gloria's Lounge* indicated that the de novo review standard it articulated for Section 471 appeals is the same scope of review which is presently used by common pleas courts in license renewal appeals under Section 464 of the Code. In *Cantina Gloria's Lounge,* however, the only issue before the Supreme Court was the scope of review to be applied in Section 471 appeals, not the scope of review in Section 464 appeals. In *Ball Park,* we recognized that the holding in *Cantina Gloria's Lounge* applied only to Section 471

appeals and, further, concluded that the Supreme Court's discussion in that case of the scope of review applicable to Section 464 appeals was dicta; thus, we applied the scope of review described in *Beach Lake.* Hence, following *Ball Park,* we conclude that any discussion in *Cantina Gloria's Lounge* concerning the scope of review applicable to Section 464 appeals is dicta and, thus, not controlling and hold that the trial court erred in conducting a de novo review of Can's appeal under the standard articulated in *Cantina Gloria's Lounge.*

■ Can, however, argues that, even if the *Beach Lake* scope of review is applicable here, the trial court acted within the limits of that scope of review. Can asserts that the trial court made an additional finding of fact, based on Nott's testimony, that Nott had no actual knowledge of the drug activity at Johnnie's Cafe, and properly based its decision on that finding. We disagree.

The evidence before the trial court consisted of the entire record of the proceedings before the LCB and the additional testimony of Ron Nott and Alice Miller, an employee of Can. The additional testimony taken by the trial court, however, mirrors the testimony Nott and Miller provided to the Board and was merely cumulative. Under the scope of review for Section 464 appeals, a trial court is precluded from conducting de novo review and making its own findings of fact when the evidence before it is substantially the same as the evidence before the LCB. *Beach Lake.* Therefore, because the evidence presented to the trial court was substantially the same as the evidence introduced in the hearing before the LCB, the trial court did not have the authority to conduct a de novo review or make new findings of fact based on Nott's testimony. *Id.*

■ Furthermore, the record in this proceeding shows that the LCB determined that Nott should have known that drug activity was being conducted at Johnnie's Cafe.[6] A

---

6. We note that the LCB in its decision denying renewal of Can's license stated that Nott *knew* or should have known that drug activity was occurring at Johnnie's Cafe, based on the decision of the Administrative Law Judges adjudicating the

citation for drug trafficking. In that decision, however, the ALJs concluded that Nott had no actual knowledge of the drug activity, but that he should have known of that activity. While the LCB may have misread the ALJ's decision, we do

licensee who should have known that drug activity was taking place at a licensed premises, is, as a matter of law, just as culpable as a licensee with actual knowledge of such activity. *Pennsylvania Liquor Control Board v. TLK, Inc.,* 518 Pa. 500, 544 A.2d 931 (1988). Therefore, even if the trial court's finding that Nott had no actual knowledge of the drug activity was proper, that finding would not, in itself, justify reversing the LCB's order.

 Unless the trial court has different evidence before it, the trial court is limited in a Section 464 appeal to determining whether the LCB committed a clear abuse of discretion in denying renewal of a liquor license. *Ball Park.* It is not the trial court's prerogative to exercise its own discretion as to whether a liquor license should be renewed. *Id.*

Here, the record amply supports the LCB's decision not to renew Can's liquor license. That decision was, primarily, based on two citations the LCB issued against Can for violations of the Code. In the first citation, the LCB determined that on approximately 27 occasions, Johnnies Cafe was used by drug dealers to consummate sales of illegal drugs. At the hearing on that citation, it was demonstrated that an undercover State Police Officer purchased drugs at Johnnie's Cafe, including cocaine, marijuana and LSD, on numerous dates between November of 1990 and June of 1991. The LCB determined that Nott was often present in the bar and should have known of the pervasive drug activity occurring at his establishment. The misconduct involved in the aforementioned citation was extremely serious and, from our perspective, the LCB was entitled to give it great weight. Further, in the second citation, LCB determined that Can permitted lewd and immoral conduct on its licensed premises after an exotic dancer engaged in sexual activities with patrons of the bar. In addition to the above citations, evidence was

also produced showing that a patron of Johnnie's Cafe left the premises and drove his automobile into a group of people outside of the bar. In light of the above, the LCB did not abuse its discretion in refusing to renew Can's license. Therefore, we hold that the trial court erred in substituting its discretion for that of the LCB and by reversing the LCB's decision not to renew Can's liquor license.

Accordingly, the trial court's order is reversed.[7]

### *ORDER*

NOW, September 5, 1995, the order of the Court of Common Pleas of Cumberland County in the above-captioned matter is hereby reversed.

---

not believe that that misreading constitutes an abuse of discretion sufficient to reverse the LCB's order. The LCB's decision not to renew Can's license was, in our view, not predicated on Nott having actual knowledge of the drug activity.

7. Because of our disposition of this matter, we need not consider the LCB's collateral estoppel argument.