In the Matter of: Dilworthtown Inn, Inc. *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

Argued October 9, 1980, before Judges MACPHAIL, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*J. Leonard Langan,* Assistant Attorney General, with him *Kenneth W. Makowski,* Acting Chief Counsel, and *Edward Biester, Jr.,* Attorney General, for appellant.

No appearance for the appellee.

OPINION BY JUDGE PALLADINO, April 2, 1981:

This is an appeal from an order of the court of common pleas which sustained an appeal from a Pennsylvania Liquor Control Board (Board) decision imposing a $350 fine on the appellant, Dilworthtown Inn, Inc. (Dilworthtown). We reverse.

On March 21, 1978, pursuant to a valid search warrant, police searched the Dilworthtown Inn, a licensed tavern owned and operated by Dilworthtown, and discovered several slips of paper which suggested that illegal sports betting and "tallying work" was being conducted on the premises. A Board investigation followed, and thereafter, Dilworthtown was notified to show cause why it should not be fined or why its license should not be suspended or revoked and its bond forfeited. Following a hearing on this matter, the Board concluded that Dilworthtown had indeed maintained gambling devices and/or paraphernalia in its tavern and imposed a $350 fine. Notice of this opinion and order, sent to Dilworthtown, also advised that if the fine was not paid within 20 days of notice the Board would be compelled by Section 471 of the Liquor Code (Code)[1], Act of April 12, 1951, P.L. 90, *as*

---

[1] Section 471 of the Code provides in pertinent part:
[T]he board may, within one year from the date of such violation or cause appearing, cite such licensee to appear before it or its examiner,.... Upon such hearing, if satisfied that any such violation has occurred or for other sufficient cause, the board shall immediately suspend or revoke the license, or impose a fine of not less than fifty dollars ($50)

*amended*, 47 P.S. §4-471, to suspend or revoke Dilworthtown's license.

On January 4, 1979, some 37 days after the issuance of the Board's order, Dilworthtown filed an appeal without paying the fine. Four days later, on January 8, 1979, the Board issued a new order suspending Dilworthtown's license for a period of seven days, effective on February 6, 1979, for failure to pay the $350 fine. The Board subsequently revoked this suspension order on January 29, 1979, and reimposed the $350 fine pending the outcome of Dilworthtown's appeal.

When the matter came before the court of common pleas on March 19, 1979, the Board moved for the appeal to be quashed as untimely. In support of this motion the Board argued that Section 471 of the Code required Dilworthtown to file its appeal within 20 days of the Board's order imposing the fine, and that Dilworthtown's appeal was therefore 17 days late. Dilworthtown opposed this motion by arguing that its appeal was not from the Board's order imposing the fine, but instead was from the Board's suspension order. The Board countered by arguing that Section

---

nor more than one thousand dollars ($1,000), notifying the licensee by registered letter addressed to his licensed premises. In the event the fine is not paid within twenty days of the order the board shall suspend or revoke the license, notifying the licensee by registered mail.... Suspensions and revocations shall not go into effect until twenty days have elapsed from the date of notice of issuance of the board's order, during which time the licensee may take an appeal as provided in this act.... In the event the person who was fined or whose license was suspended or revoked by the board shall feel aggrieved by the action of the board, he shall have the right to appeal to the court of quarter sessions or the county court of Allegheny County in the same manner as herein provided for appeals from refusals to grant licenses.

471 does not permit appeals from mandatory suspension orders, and noted that Dilworthtown's appeal was filed before the issuance of the Board's suspension order in any event. After considering these arguments, the court concluded that Section 471 permits appeals from suspension orders, and stated that the parties should agree to treat this appeal as if it were filed after the issuance of a Board suspension order. The court then denied the Board's motion to quash and granted the Board a continuance until March 22, 1979.

On March 22, 1979, the Board once again made a motion to quash. The court denied the motion and once again stated that the parties should agree to treat Dilworthtown's appeal as if it were filed after the issuance of a suspension order for the purpose of filing an appeal to this Court. Dilworthtown's appeal was subsequently sustained on the merits, and the present appeal followed.

From the facts outlined above it is clear that Dilworthtown's appeal was filed before the issuance of any suspension order, and that it was in fact an appeal from the Board's November 28, 1978 order imposing the $350 fine. Such appeals must be filed within 20 days of the order's date of issuance. Section 471 of the Code. Since Dilworthtown's appeal wasn't filed within this time period, the court below should have quashed the appeal.

Accordingly, we enter the following

ORDER

AND Now, April 2, 1981, the order of the Court of Common Pleas of Philadelphia County, docketed at No. 2326 January Term, dated March 22, 1979, sustaining the appeal of Dilworthtown Inn, Inc., is reversed.

Judge WILKINSON, JR. did not participate in the decision in this case.