**G.C.P. ENTERPRISES, INC., Appellant**

v.

**PENNSYLVANIA STATE POLICE, BUREAU OF LIQUOR CONTROL ENFORCEMENT.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 16, 1999.

Decided Nov. 16, 1999.

---

Martha S. Helmreich, Pittsburgh, for appellant.

Nadia L. Vargo, Pittsburgh, for appellee.

Before SMITH, J., FLAHERTY, J., and JIULIANTE, Senior Judge.

SMITH, Judge.

▪ G.C.P. Enterprises, Inc. (G.C.P.) appeals from an order of the Allegheny County Court of Common Pleas which dismissed for lack of jurisdiction G.C.P.'s appeal from a decision of the Pennsylvania Liquor Control Board (Board) finding G.C.P. in violation of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §§ 1–101–8–803. The sole issue presented in this liquor enforcement case is whether a citation appeal from the Board to the Court of Common Pleas is timely if filed beyond the twenty-day appeal period provided by Section 464 of the Liquor Code, 47 P.S. § 4–464, but within the thirty-day appeal period provided by Section 471 of the Liquor Code, 47 P.S. § 4–471.

G.C.P. held a restaurant liquor license issued by the Board, and on June 9, 1997 the Pennsylvania State Police, Bureau of Liquor Enforcement (Bureau) issued to G.C.P. a three-count citation for violations of the Liquor Code. The violations included selling of alcohol to a minor, permitting a minor to frequent the licensed premises and failing to operate a bona fide restaurant. On November 13, 1997 and April 16, 1998 Administrative Law Judge (ALJ) hearings were held on the citation, and on June 12, 1998 the ALJ sustained the citation and imposed a $1,100 fine. Two weeks later, G.C.P. filed with the ALJ a motion for reconsideration in which it requested an extension of time for paying the fine. On July 24, 1998, the ALJ issued a supplemental order denying the motion for reconsideration and ordered that G.C.P.'s liquor license be revoked with bond forfeiture because G.C.P. did not pay the fine in a timely manner. On July 29, 1998, G.C.P. filed with the ALJ a motion for reconsideration of the supplemental order and additionally appealed the supplemental order to the Board.

▪ On September 16, 1998, the Board affirmed the ALJ's order sustaining the citation, dismissed G.C.P.'s appeal of the ALJ's supplemental order and ordered that G.C.P.'s liquor license be revoked and its bond be forfeited. The Board's order contained a notice of right to appeal which states: "Section 464 of the Liquor Code, which sets forth the provisions for appeal from refusals to grant licenses, permits an appeal within 20 days to the Court of Common Pleas." Thirty days later, on October 16, 1998, G.C.P. filed with the trial court a petition for appeal and an application for supersedeas from the Board's order. The trial court dismissed the supersedeas application and the appeal for lack of jurisdiction because the appeal was untimely. The trial court issued a written opinion which stated that the twenty-day appeal period set forth in Section 464 applied to G.C.P.'s appeal from the Board's refusal to renew its liquor license.[1]

G.C.P. argues that Section 471 of the Liquor Code clearly provides for a thirty-day appeal period in citation cases. The Bureau, however, argues that Section 471 incorporates the twenty-day appeal period in Section 464 for license denials, renewals and transfers. G.C.P. relies on Section 471(b) which provides, in relevant part, that "[s]uspensions and revocations shall not go into effect until 30 days have

---

1. The Court's review of the trial court's order is limited to determining whether there is substantial evidence to support the findings of fact and whether the trial court abused its discretion or committed an error of law. *Pittsburgh Stadium Concessions, Inc. v. Pennsylvania Liquor Control Board,* 674 A.2d 334 (Pa.Cmwlth.1996).

elapsed from the date of the adjudication during which time the licensee may take an appeal as provided for in this act." G.C.P. argues that because the thirty-day mandate is clear, the statute must be interpreted and applied according to its plain meaning. Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b); *East Lampeter Township v. Pennsylvania State Horse Racing Commission*, 704 A.2d 703 (Pa.Cmwlth.1997), *aff'd*, 554 Pa. 172, 720 A.2d 763 (1998).

Section 471 of the Liquor Code, headed "Revocation and suspension of licenses; fines," addresses Liquor Code citations and procedure. Specifically, Section 471(a) addresses the Bureau's power to issue citations and licensees' right to notice and an ALJ hearing. Section 471(b) addresses citation hearings and appeals from those hearings. Section 471(b) gives the ALJ the power to issue fines or to suspend or revoke a license if a violation is proven, and it gives aggrieved parties the right to appeal ALJ orders to the Board. A careful reading of Section 471(b), upon which G.C.P. relies, demonstrates that licensees are provided the same amount of time to appeal an ALJ order—thirty days from the date of adjudication—as that provided before the effectuation of suspensions and revocations.

The Court acknowledges language at the beginning of Section 471(b) which refers to the time period before suspensions and revocations become effective. The phrase "during which time" is significant. The phrase precedes language granting a licensee's appeal right, and it refers not to suspension and revocation appeals but to the thirty-day period beginning on the date of adjudication. The Court sees no need to read ambiguity into Section 471(b) or, as the Bureau argues, to incorporate provisions from any other section of the Liquor Code to determine which appeal period applies. The Court also finds significant that prior to the 1987 amendments to the Liquor Code, Section 471 controlled the appeal period for citation cases. *Dilworthtown Inn, Inc. v. Pennsylvania Liquor Control Board*, 58 Pa.Cmwlth. 202, 427 A.2d 742 (1981). Section 471 then provided for a twenty-day appeal period: "Suspensions and revocations shall not go into effect until twenty days have elapsed from the date of the notice of issuance of the board's order, during which time the licensee may take an appeal as provided for in this act."

The Bureau argues, inter alia, that the twenty-day appeal period in Section 464 should be applied to citation appeals. Section 464, headed "Hearings upon refusal of licenses, renewals or transfers; appeals," states that "[a]ny applicant ... who is aggrieved by the refusal of the board to issue any such license or to renew or transfer any such license or to renew any amusement permit may appeal ... within twenty days from date of refusal or grant, to the court of common pleas...." The Bureau maintains that this provision governs citation appeals because Section 471(b) requires that "there shall be a right to appeal to the court of common pleas *in the same manner* as herein provided for appeals from refusals to grant licenses." (Emphasis supplied.)[2] The Bureau also cites *Pennsylvania State Police, Bureau of Liquor Control Enforcement v. Cantina Gloria's Lounge*, 536 Pa. 254, 639 A.2d 14 (1994), for the proposition that when read *in pari materia* Sections 471 and 464 support the application of a twenty-day appeal period.

The Court recognizes that in some circumstances Section 471 shall be read in conjunction with Section 464. *See Pennsylvania Liquor Control Board v. Bartosh*, 730 A.2d 1029 (Pa.Cmwlth.1999) (Pennsyl-

---

**2.** The Bureau relies extensively on *J & R's Smokehouse, Inc. v. Pennsylvania Liquor Control Board*, 611 A.2d 786 (Pa.Cmwlth.1992), a licensing case, to support its argument that a twenty-day appeal period governs G.C.P.'s appeal. The facts in that case are obviously distinguishable; it did not involve a citation/enforcement proceeding as is the case here.

vania Supreme Court signaled in *Pennsylvania Liquor Control Board v. Richard E. Craft American Legion Home Corp.*, 553 Pa. 99, 718 A.2d 276 (1998), that its holding in *Cantina Gloria's Lounge* regarding the standard for trial court review shall be applied without limitation in licensing appeals under Section 464 and in citation/enforcement appeals under Section 471). Nonetheless, Section 471 is clear, and the Court concludes that it provides for a thirty-day appeal period in citation cases.[3] The trial court's order therefore is reversed, and this case is remanded for review of G.C.P.'s timely appeal of the Board's order.

### *ORDER*

AND NOW, this 16th day of November, 1999, the order of the Court of Common Pleas is hereby reversed, and this case is remanded to the court to conduct a review of the timely appeal filed by G.C.P. Enterprises, Inc.

Jurisdiction is relinquished.

---

**3.** G.C.P. further argues that the thirty-day appeal period in Section 471 should be applied because it is consistent with Section 5571(b) of the Judicial Code, 42 Pa.C.S. § 5571(b), Section 2(g) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. § 20002(g), and *Appeal of Chartiers Valley School Dist.*, 501 Pa. 620, 462 A.2d 673 (1983). The Court does not address this argument because Section 471 clearly provides for a thirty-day appeal period in citation cases.