**TWO SOPHIA'S, INC. t/a The Pub,**

v.

**PENNSYLVANIA LIQUOR CONTROL BOARD, Appellant.**

Commonwealth Court of Pennsylvania.

Argued April 8, 2002.

Decided May 30, 2002.

---

Rodrigo J. Diaz, Harrisburg, for appellant.

Steve C. Nicholas, Harrisburg, for appellee.

Before COLINS, President Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

The Pennsylvania Liquor Control Board (Board) appeals from a final order of the Court of Common Pleas of Dauphin County (trial court) which reversed the Board's decision denying the Two Sophia's, Inc. t/a The Pub's (The Pub) liquor license renewal application under the Liquor Code.[1] We vacate and remand.

The Pub was issued a liquor license by the Board for its establishment at 14–16 S. Dewberry Street and 316 Blackberry Street, Harrisburg, Pennsylvania. The Pub filed an application to renew its license for the two-year licensing term beginning in March 2000. The Board's Bureau of Licensing (Licensing Bureau) notified The Pub that it had objections to the renewal application and that a hearing would be held on the objections. An administrative hearing was held on July 28, 2000 and September 6, 2000 before a hearing examiner designated by the Board. The hearing examiner received evidence and accepted testimony. The hearing examiner recommended that the Board renew The Pub's license. Upon reviewing the record of the proceedings as well as the report of the hearing examiner, the Board, by letter dated February 14, 2001, denied The Pub's renewal application.

The Pub appealed the Board's decision to the trial court. Thereafter, the Board issued a detailed opinion regarding its reasons for refusing the renewal of the liquor license. A hearing was held before the trial court on May 30, 2001. At the hearing, the Board offered into evidence the record of the proceedings before the hearing examiner. The trial court refused to receive the record into evidence and told the Board to proceed with its case. The Board was not prepared to call witnesses or present evidence and requested a continuance, which the trial court denied. By order dated May 30, 2001, the trial court reversed the Board's decision and ordered the renewal of The Pub's liquor license. The Board now files the present appeal.[2] The sole issue presented for our review is whether the trial court committed an error of law and abused its discretion in refusing to accept into evidence the record of the hearing held before the Board's hearing examiner.

The Board contends that the trial court committed an error of law and an abuse of

1. Act of April 12, 1951, P.L. 90, as amended, 47 P.S. §§ 1–101–8–803.

2. By order dated June 14, 2001, the trial court reinstated an automatic supersedeas in favor of The Pub thereby enabling The Pub to continue the operation of its business during the appeal.

discretion in refusing to accept into evidence the record of the hearing held before the Board's hearing examiner. We agree.

Hearings upon refusal of licenses, renewals, or transfers are governed by Section 464 of the Liquor Code, 47 P.S. § 4–464. Section 464 of the Liquor Code provides that following an administrative hearing, any applicant who is aggrieved by the refusal of the Board to issue any such license or to renew or transfer any such license may appeal to the court of common pleas of the county in which the premises or permit applied for is located. The section continues:

> The court shall *hear the application de novo* on questions of fact, administrative discretion and such other matters as are involved, at such time as it shall fix, of which notice shall be given to the board. The court shall either sustain or overrule the action of the board and either order or deny the issuance of a new license or the renewal or transfer of the license or the renewal of an amusement permit to the applicant.

Section 464 of the Liquor Code (emphasis added).

The crux of issue before us is what is the appropriate scope of review for a trial court from a decision by the Board not to grant, renew or transfer a licensee's liquor license pursuant to Section 464 of the Liquor Code. The Board maintains that the

trial court is to *review* the matter *de novo* and issue its own findings and conclusions based upon the established record. In support of this position, the Board relies upon *Pennsylvania State Police, Bureau of Liquor Control Enforcement v. Kelly's Bar, Inc.*, 536 Pa. 310, 639 A.2d 440 (1994), and *Pennsylvania State Police, Bureau of Liquor Control Enforcement v. Cantina Gloria's Lounge, Inc.*, 536 Pa. 254, 639 A.2d 14 (1994). The Pub, relying upon the statutory language, maintains that the trial court is authorized to actually *hear* the matter anew by conducting a *de novo* hearing.

The Supreme Court recently clarified that in appeals arising under Section 464 of the Liquor Code, the trial court may make its own findings and reach its own conclusions based upon those findings even when the evidence it hears is substantially the same as the evidence presented to the Board. *Pennsylvania Liquor Control Board v. Richard E. Craft American Legion Home Corp.*, 553 Pa. 99, 718 A.2d 276 (1998); *Pennsylvania Liquor Control Board v. Bartosh*, 730 A.2d 1029 (Pa. Cmwlth.1999). As recognized by this Court in *Bartosh*, the Supreme Court has apparently signaled that its holding in *Cantina Gloria's Lounge* is to be applied without limitation in all licensing appeals under Section 464 of the Liquor Code, as well as in citation/enforcement appeals under Section 471, 47 P.S. § 4–471.[3] *Bar-*

---

**3.** Heretofore, this Court followed the standard enunciated in the *Beach Lake United Methodist Church v. Pennsylvania Liquor Control Board*, 126 Pa.Cmwlth. 71, 558 A.2d 611 (1989), *Ball Park's Main Course, Inc. v. Pennsylvania Liquor Control Board*, 163 Pa. Cmwlth. 636, 641 A.2d 713 (1994), *petition for allowance of appeal denied*, 539 Pa. 655, 651 A.2d 542 (1994) and *Rosing v. Pennsylvania Liquor Control Board*, 690 A.2d 758 (Pa. Cmwlth.1997), line of cases for the appropriate scope of review to be applied in licensing appeals. *Bartosh*. These cases held that a

trial court may not substitute its own findings for those made by the Board when the evidence heard by the trial court is substantially the same as the evidence heard before the Board. *Id.* In light of *Craft American Legion*, these cases have been implicitly overruled. *See G.C.P. Enterprises, Inc. v. Pennsylvania Liquor Control Board*, 555 Pa. 545, 725 A.2d 749 (1999) (Citing *Craft American Legion*, the Supreme Court issued a per curiam order that granted a petition for allowance of appeal and reversed this Court's decision which

*tosh.* We note, however, that the issue regarding the proper scope of review in Section 464 appeals has not been squarely addressed by the Supreme Court.[4]

In *Cantina Gloria's Lounge,* our Supreme Court addressed the proper scope of review in appeals arising under Section 471 of the Liquor Code. Section 471 of the Liquor Code applies to the revocation and suspension of liquor licenses. Section 471 of the Liquor Code provides, in relevant part:

> In the event the bureau or the person who was fined or whose license was suspended or revoked shall feel aggrieved by the decision of the board, there *shall be a right to appeal to the court of common pleas in the same manner as herein provided for appeals from refusals to grant licenses* [under Section 464 of the Liquor Code].

47 P.S. § 4–471 (emphasis added).

In *Cantina Gloria's Lounge,* the licensee contested the fines and suspension of its liquor license for alleged violations of the Liquor Code. A hearing on the citations was held before an administrative law judge (ALJ). Based upon the testimony and evidence presented, the ALJ upheld the citations. The licensee appealed to the Board, which affirmed. From this decision, the licensee appealed to the trial court. At this hearing, the Board entered the transcript of the proceedings before the ALJ as its case and rested. The licensee presented the testimony of five witnesses. The trial court also heard from four other witnesses, whose testimony was found to be corroborative and offered no new facts. The trial court was of the opinion that because it could find no new facts or an abuse of discretion in the actions of the ALJ, that it was required to affirm the ALJ's order and consequently entered an order to that effect. The licensee appealed the trial court's order to this Court, which also affirmed.

On appeal, the Supreme Court reversed. The Supreme Court held that an appeal from a decision of the Board pursuant to Section 471 required the court of common pleas to conduct a *de novo* review, and in the exercise of its statutory discretion, to make independent findings and conclusions. The Court opined:

> If anything, *de novo* review by the judicial branch assures litigants that license suspensions based on violations of the Liquor Code will only be enforced when neutral judicial officers, detached from the bureau charged with the task of monitoring and enforcing the liquor laws

cited *Ball Park* and *Beach Lake* as authority for the appropriate scope of review and reversed the trial court's decision to overrule the Board's denial of the license renewal application.); *Bartosh.*

4. In *Pennsylvania Liquor Control Board v. Can, Inc.,* 664 A.2d 695 (Pa.Cmwlth.1995), *petition for allowance of appeal granted,* 543 Pa. 391, 671 A.2d 1135 (1996), this Court determined that the holding in *Cantina Gloria's Lounge* applied only to Section 471 appeals and that the Supreme Court's discussion in that case of the scope of review applicable to Section 464 appeals was dicta and not controlling. This Court, following the precedent set by *Beach Lake, Ball Park*

and *Rosing,* held that unless the trial court has different evidence before it, the trial court is limited in a Section 464 appeal to determining whether the Board committed a clear abuse of discretion in denying renewal of a liquor license and is not permitted to conduct *de novo* review. *Can.* The Supreme Court granted the petition for allowance of appeal limited to the issue of what is the appropriate scope of review for a trial court from a decision by the Liquor Control Board not to renew a licensee's liquor license pursuant to Section 464 of the Liquor Code. *Can,* 543 Pa. at 391, 671 A.2d at 1135. Unfortunately, this issue has never been addressed by the Supreme Court.

of this Commonwealth are satisfied that violations have, in fact, been established. *Id.*, 536 Pa. at 262, 639 A.2d at 18. "Citation hearings, then, are to be conducted in the same way that hearings are conducted in license application hearings, with the same rights and guarantees and rather than repeating the directions, the Legislature chose to rely on our ability to refer to § 464 for guidance in this circumstance." *Id.* at 264, 639 A.2d at 19. "Section 464 appeals are *de novo* on questions of law and fact, administrative discretion and such other matters as are involved and allow the court of common pleas to sustain or over-rule the board, without regard to whether the same or different findings of fact or conclusions of law are made." *Id.* at 265, 639 A.2d at 19.

The Supreme Court held that "[b]ased upon its *de novo* review, the trial court may sustain, alter, change, modify or amend the board's action whether or not it makes findings which are materially different from those found by the board, as presently done in § 464 appeals." *Id.* at 265, 639 at 19–20. The Supreme Court remanded the matter to the trial court so that it could exercise its own statutory discretion and determine for itself whether it is appropriate to sustain, alter, change or modify the penalty imposed based upon the facts it has already found at the *de novo* hearing held in the matter. *Id.*

The Supreme Court applied the holding in *Cantina Gloria's Lounge* to *Pennsylvania State Police, Bureau of Liquor Control Enforcement v. Kelly's Bar, Inc.*, 536 Pa. 310, 639 A.2d 440 (1994). *Kelly's Bar* was also a citation action arising under Section 471 of the Liquor Code. Following an evidentiary hearing on the contested citations before an ALJ, the ALJ and the Board affirmed. The licensee then filed an appeal in the court of common pleas, which reversed. The trial court concluded that the Commonwealth had not satisfied its burden of proof because it submitted nothing more than the record of the proceedings before the ALJ and Board as its case. The court reasoned that as its review of the matter, under Section 471 of the Code, 47 P.S. § 4–471, was *de novo*, it required the Commonwealth to present something more than the record of the proceedings taken before the ALJ and Board to establish a case against the licensee.

The case ultimately reached our Supreme Court. The Supreme Court held that the trial court is required to conduct a *de novo review* of orders of the Board in enforcement actions arising under Section 471 of the Liquor Code, but is not required to retry the case in its entirety. *Kelly's Bar.* In conducting *de novo review*, the Supreme Court held that the trial court must accept the record of the administrative proceedings into evidence, if offered. *Id.* The Supreme Court stated "[i]n this case, the trial judge recognized the proper scope of review as being de novo but misunderstood the full import of the review. The trial court apparently felt that the Commonwealth had to retry the case in its entirety rather than relying upon the record created before the Administrative Law Judge. This was error." *Id.* at 314, 639 A.2d at 442.

"The trial court has the duty of receiving the record of the proceedings below, if introduced in evidence, together with any other evidence that is properly received, and then make its own findings of fact, conclusions of law and assess the appropriate penalty, if any." *Id.* at 314, 639 A.2d at 442. By failing to accept the record, the Supreme Court determined that the trial court erred. *Id.* The case was remanded to the trial court "so that it can exercise its own statutory discretion, to make its own findings of fact and conclusions based on the record submitted by the Board and the

additional evidence it received during the *de novo* hearing...." *Id.* at 314, 639 A.2d at 442.

Based upon our reading of *Craft American Legion* and *Cantina Gloria's Lounge*, the scope of review in Section 464 and Section 471 appeals is the same, i.e. *de novo*.[5] As the scope of review is the same, the holding in *Kelly's Bar* that the trial court must accept the record of the administrative proceedings into evidence, if offered, appears to be applicable for appeals arising under both Section 471 and Section 464 of the Liquor Code.[6]

In the case before us, the trial court recognized the proper scope of review as being *de novo*. However, the trial court chose to retry the case in its entirety rather than accepting the record created before the hearing examiner, which was offered into evidence by the Board. In this regard, the trial court erred. While this Court commends the trial court's desire to completely retry the matter in order to give fresh consideration of the admissibility of evidence, assess the credibility of witnesses firsthand, and to ask questions of a witness, we are nevertheless bound by *Kelly's Bar* that the trial court has the duty of receiving the record of the proceedings before the Board,

if introduced into evidence. We emphasize that the trial court is not limited to reviewing the established record and is permitted to hear additional testimony and evidence in the exercise of its statutory discretion. The trial court may make its own findings and reach its own conclusions based upon the evidence presented.

Accordingly, the order of the trial court is vacated and this case is remanded to the trial court for proceedings consistent with this opinion.

### ORDER

AND NOW, this *30th* day of *May*, 2002, the order of the Court of Common Pleas of Dauphin County (trial court), at No. 91 M.D. 2001, dated May 30, 2001, is vacated and this matter is remanded to the trial court for proceedings consistent with this opinion. The supersedeas order issued by the trial court on June 14, 2001 shall remain in full force and effect until further order of the court.

Jurisdiction relinquished.

---

**5.** De novo review contemplates an independent evaluation of the evidence, which has already been presented. In essence, "de novo review" means that the reviewing court will reappraise the evidence in the record and has the authority, in the exercise of its statutory discretion, to make independent findings of fact and conclusions of law. *Cantina Gloria's Lounge.* Most important, the reviewing court has the authority to sustain, alter, change, modify or amend a decision of the Board, even if that court does not make findings of fact that are materially different from those found by the Board. *Id.; Adair v. Pennsylvania Liquor Control Board,* 519 Pa. 103, 546 A.2d 19 (1988).

**6.** We note, however, that the trial court is not restricted to reviewing the established record,

but may hear new evidence. *See Craft American Legion,* 553 Pa. at 102, 718 A.2d at 277 ("The trial court conducted a de novo hearing at which the new president of the appellant's board testified."); *Kelly's Bar,* 536 Pa. at 314, 639 A.2d at 442 (court must make its own findings of fact and conclusions based upon the "record submitted by the Board and the additional evidence it received during the de novo hearing"); *Cantina Gloria's Lounge* (additional testimony was heard by the trial court). To conclude otherwise would be to ignore the statutory language in Section 464, which expressly provides that "the court shall hear the application de novo on questions of fact, administrative discretion and such other matters as are involved."