# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

D. Weaver Corporation, t/d/b/a     :
Airways Lounge,     :
              Appellant     :
    :
         v.     :    No. 1863 C.D. 2014
    :    SUBMITTED: August 14, 2015
Pennsylvania Liquor Control Board     :


BEFORE:     **HONORABLE BONNIE BRIGANCE LEADBETTER,** Judge[1]
                 **HONORABLE ROBERT SIMPSON,** Judge
                 **HONORABLE JAMES GARDNER COLINS,** Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE LEADBETTER**                    **FILED: April 18, 2016**


      D. Weaver Corporation, t/b/d/a Airways Lounge (Weaver), appeals from the September 16, 2014 Order of the Court of Common Pleas of Venango County (common pleas) that sustained the decision of the Pennsylvania Liquor Control Board (PLCB) not to renew Weaver's liquor license. On appeal here, Weaver contends that common pleas erred when it: "plac[ed] too much emphasis on old citations for which punishments have already been carried out"; "failed to consider extensive remedial measures taken by [Weaver]"; and, "failed to consider that

---

[1] This case was assigned to the opinion writer on or before January 31, 2016, when Judge Leadbetter assumed the status of senior judge.

none of the violations . . . cited involved any assaultive behavior, drug activity, criminal activity and/or any bodily injury." (Weaver's Br. at 4).

Weaver applied to the PLCB for the renewal of its liquor license for Weaver's restaurant/lounge for the period of August 1, 2013 through July 31, 2015. PLCB advised Weaver that it objected to the renewal and ordered a hearing on the application in order to determine if eighteen prior citations detailing twenty-one Liquor Code[2] violations constituted activity egregious enough to warrant non-renewal. After a hearing before a PLCB hearing examiner, the PLCB denied Weaver's renewal application. Weaver appealed to common pleas which held a *de novo* hearing. At the hearing, Weaver offered additional evidence beyond that adduced before the PLCB hearing examiner including Weaver's support for youth sports groups. After reviewing the evidence presented by Weaver both before common pleas and before the PLCB hearing examiner, as well as all prior citations, adjudications and sanctions, common pleas adopted the PLCB's findings of fact and sustained the PLCB's denial of Weaver's liquor license renewal application. Weaver filed a notice of appeal to this Court and filed a Statement of Errors Complained of on Appeal with common pleas, which on December 31, 2014, duly issued an opinion in support of its September 16, 2014 Order.

Initially, we note that Weaver has admitted to the violations alleged in all eighteen citations cited by PLCB as the basis for the non-renewal of Weaver's

---

[2] Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §§ 1-101 - 10-101.

license. (Weaver's Br. at 9 and Appx. A; Ex. B-5).[3] The five most recent citations included two for serving alcohol to minors, two for serving alcohol to visibly intoxicated persons, and one for selling alcohol during a license suspension. (Ex. B-5). The thirteen previous citations included violations for serving alcohol to visibly intoxicated persons, selling alcohol without a license, permitting patrons to remain on the premises after hours, offering illegal promotional contests, operating in a noisy or disorderly manner, and over one hundred separate instances of permitting loud music to be heard off the licensed premises. *Id*.

We outlined above Weaver's arguments to this Court on appeal.[4] The gist of the arguments is that as common pleas hears the appeal from PLCB's hearing examiner *de novo*, common pleas must give less weight to Weaver's citation history than did the PLCB. This argument turns common pleas' review function on its head. We have held that common pleas *may* substitute its discretion for that of the PLCB when it hears an appeal *de novo* of the non-renewal of a liquor license, even where common pleas makes the same findings of fact. *I.B.P.O.E. of West Mount Vernon Lodge 151 v. Pa. Liquor Control Bd.*, 969 A.2d 642, 647 (Pa. Cmwlth. 2009); *Pa. Liquor Control Bd. v. Bartosh*, 730 A.2d 1029, 1032 (Pa. Cmwlth. 1999). Essentially, Weaver argues that because common pleas *may* substitute its discretion, it *must* do so. This is contrary to our holdings and has no support in the Liquor Code.

---

[3] Weaver's Reproduced Record does not contain any of the documents from the administrative proceedings before the PLCB. Those items are however included in the record certified to this Court by common pleas. Hence where necessary we cite to the exhibits from the October 8, 2013 hearing before the PLCB hearing examiner.

[4] Based on the issues raised our review of common pleas' decision is limited to determining if common pleas abused its discretion.

With that said, we will affirm on the basis of the thorough and well-supported Opinion issued on December 31, 2014 by the Honorable Robert L. Boyer of the Court of Common Pleas of Venango County. Weaver's arguments to this Court are asserted in the Statement of Errors Complained of on Appeal and are well-answered by Judge Boyer's Opinion.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

D. Weaver Corporation, t/d/b/a    :
Airways Lounge,    :
                     Appellant    :
                                      :
                 v.    :   No. 1863 C.D. 2014
                                      :
Pennsylvania Liquor Control Board    :

## O R D E R

AND NOW, this 18th day of April, 2016, the September 16, 2014 Order of the Court of Common Pleas of Venango County is AFFIRMED on the basis of the thorough and well-supported Opinion issued on December 31, 2014 by the Honorable Robert L. Boyer.

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge

IN THE COURT OF COMMON PLEAS OF VENANGO COUNTY, PENNYSLVANIA

D. WEAVER CORPORATION, t/b/d/a      :
AIRWAYS LOUNGE      :
     Appellant      :
     :
     :
v.      :      CV No. 1483-2013
     :
     :
PENNSYLVANIA LIQUOR CONTROL      :
BOARD,      :
     Defendant      :

## OPINION OF COURT

AND NOW, this _3/_ day of December, 2014, the court has before it Defendant's

Concise Statement of Errors Complained of on Appeal, filed by Appellant in the above-

captioned matter in accordance with Pa.R.A.P. 1925(b). The court now issues the following

opinion.

### *Procedural History*

D. Weaver Corporation t/a Airways Lounge ("Licensee") filed an untimely application

with the Pennsylvania Liquor Control Board ("PLCB") for the renewal of Restaurant Liquor

License No. R-16081 for the premises located at 1318 15th Street, Franklin, PA, for the renewal

period beginning August 1, 2013, and ending July 31, 2015. The PLCB's Bureau of Licensing

advised D. Weaver Corporation that it objected to the renewal of their license pursuant to section

464 of the Liquor Code [47 P.S. § 4-464] and ordered that an administrative hearing be held with

respect to Licensee's renewal application. The hearing was held on October 8, 2013, before a

Board hearing examiner. During the administrative hearing, it was adduced that D. Weaver

Corporation managed to accrue 18 different citations during its operation. We will not reiterate

the specifics of the eighteen charges, as they are already adequately discussed in the

Pennsylvania Liquor Control Board's Opinion dated February 12, 2014. In total, D. Weaver



Corporation, as a result of its own malfeasance, had its license to sell alcohol suspended for 7 days and was fined $14,500.00.

Based upon its review of the record from the hearing, the Board, by Order dated December 18, 2013, refused Licensee's application for renewal on the grounds that "the public welfare, health, peace, and the moral of the citizens of the Commonwealth would be jeopardized by the renewal of this license." The Pennsylvania Liquor Control Board issued an Opinion in support of their decision on February 12, 2014. D. Weaver Corporation proceeded to appeal to the Court of Common Pleas of Venango County. On September 16, 2014, the court adopted the Findings of Fact as presented by the PLCB and sustained the PLCB's decision. The court took this position after taking testimony and evidence on the appeal of the PLCB's decision to not renew the license of the Appellant. Additionally, the court considered all the testimony of record, including the Transcript and Opinion from the Pennsylvania Liquor Board Hearing. The court also reviewed all prior citations, adjudications, and sanctions. On October 30, 2014, D. Weaver Corporation filed its present Concise Statement of Errors Complained on Appeal.

*Analysis*

The Appellant raises five errors complained of on appeal, from which the following is taken verbatim:

1. The trial court erred in accepting the findings of fact as previously entered in this matter, in that:
   a. Additional testimony from the June 11, 2014 hearing in this case should have been considered. Said testimony undermined the PLCB's position that the Liquor License of the Appellant should not be renewed.
   b. The Trial Court erred in its conclusion of law, in that the findings of fact as previously entered in this matter were not sufficient facts as a matter of law to warrant the nonrenewal of the Appellant's Liquor License.

2. The Trial Court's findings of fact, which incorporated the Lower Record of the PLCB, are not supported by substantial evidence, even if said findings were admitted.
3. The Trial Court abused its discretion in refusing to consider additional evidence presented by the Appellant on the June 11, 2014 hearing and make new findings of fact.
4. The Trial Court committed an error of law, in that the evidence of record did not warrant the nonrenewal of the Appellant's Liquor License. [*St. Nicholas Greek Catholic Russian Aid Society v. Pennsylvania Liquor Control Board*, 41 A.3d 953, 954 n.1 (Pa.Cmwlth.2012)].
5. The Appellant incorporates herein by reference the Trial Brief and Supplemental Trial Brief filed in this matter, both of which contest the findings of fact and decision of the Pennsylvania Liquor Control Board. Said Briefs were docketed in this record on June 9, 2014, and July 11, 2014.

We will address each issue *seriatim*.

### *Adopting the PLCB's Findings of Fact*

The first issue before this court deals with whether the lower court erred by adopting as its own the findings of fact and conclusions of law which were made by the PLCB in its Opinion dated February 12, 2014. Specifically, Appellant contends that (1) the trial court was required to consider additional testimony from the June 11, 2014 hearing, and (2) the trial court erred in its conclusion of law because the findings of fact were not sufficient to warrant the nonrenewal of the Appellant's Liquor License.

The Supreme Court of Pennsylvania requires that a de novo hearing be held before the Court of Common Pleas on appeal of a violation of the Liquor Code. *See Pennsylvania State Police, Bureau of Liquor Control Enforcement v. Cantina Gloria's Lounge, Inc.*, 639 A.2d 14 (Pa. 1994). However, the holding of a de novo hearing does not prevent the lower court from exercising its prerogative to adopt as its own the findings of fact made at a prior proceeding. In *Pennsylvania State Police, Bureau of Liquor Control Enforcement v. Kelly's Bar, Inc.* 639 A.2d 440 (Pa. 1994), our Supreme Court has stated:

> In exercising its duty, the trial court has discretion in adopting as its own the findings of fact, conclusions of law and any penalty imposed by the Administrative Law judge. The trial court also has the discretion to change, alter, modify or amend the findings, conclusions and penalties imposed, of the Administrative Law judge and the Board.

*Id.* at 442. On September 17, 2014, the trial court filed its Order of Court, wherein the court did previously conduct a review of this matter. In issuing the Order, the lower court exercised its prerogative in adopting the same findings of facts and conclusions of law made by the PLCB pursuant to the Pennsylvania Supreme Court's opinion in *Kelly's Bar Inc, supra.* As mentioned in our Order dated September 17, 2014, after considering the findings of fact made by the PLCB, as well as considering all the testimony of record, all prior citations, adjudications, and sanctions, we sustained the decision of the PLCB. Appellant now argues that we did not consider additional testimony from the June 11, 2014 hearing before sustaining the PLCB's decision. Appellant's argument is without merit. We did consider the testimony; however, the additional evidence presented on June 11, 2014, did not add any facts of consequence to Appellant's argument and had little bearing on the outcome of this case. Among other things, Appellant introduced evidence regarding Airways Lounge's support for youth sports groups, as well as additional evidence regarding Mr. Weaver being a "generous and good" person. Even if this court considered all of this evidence as true, it does not excuse Licensee's numerous, repeated violations of the Liquor Code and the Board's Regulations.

Furthermore, contrary to Appellant's argument, the findings of fact as previously entered were more than sufficient as a matter of law to warrant the nonrenewal of the Appellant's Liquor License. The Commonwealth Court recently stated, "There is no magic number or type of incident or span of time that constitutes a pattern of conduct to require the PLCB to refuse to renew a liquor license." *Paey Associates, Inc. v. Pennsylvania Liquor Control Bd.*, 2013 WL

5497771 (Pa. Cmwlth. 2013). In the PLCB's opinion, as well as this court's, Licensee's record constitutes a pattern of conduct sufficient enough to refuse to renew its liquor license. Since Licensee became licensed in September 1993, it has committed a total of **twenty-one (21)** violations of the Liquor Code and the Board's Regulations. (emphasis added). Notably, seven citations all involved heightened offenses for purposes of penalty assessment. Public safety is of paramount concern to the Board and this court in regulating the sale of alcoholic beverages. The service of even one minor or visibly intoxicated person ("VIP") is a serious infraction which puts the offending licensee's license in jeopardy when the Board considers a renewal application. Licensee's record is extremely troubling and is indicative of an overarching failure to take its duties seriously. Five of the seven heightened offenses took place in just the past few years. Considering the seriousness of these infractions, one would expect to see evidence of immediate and substantial remedial measures designed to ensure that future violations of the same type will be extremely unlikely. However, Licensee instead has shown little urgency in making significant improvements. Accordingly, the trial court did not err in accepting the findings of fact as presented by the PLCB.

### Findings of Fact Supported By Substantial Evidence

Next, Appellant argues that the trial court's findings of fact are not supported by substantial evidence, "even if said findings were admitted." Preliminarily, the court will note that Licensee's violations are submitted and are of record. The record in this case speaks for itself. This court adopted the findings of fact of the PLCB, which included detailed descriptions of 18 separate citations. Licensee admitted to each of the charges at an evidentiary hearing. Before issuing our Order sustaining the decision of the Pennsylvania Liquor Control Board, we considered all the testimony of record and reviewed all prior citations, adjudications, and

sanctions. Only after this thorough review did we sustain the PLCB's decision. Licensee's various violations of the Liquor Code, in conjunction with Licensee's failure to take any actual significant remedial measures, supports this court's findings of fact.

### Additional Evidence Presented on June 11, 2014

Third, Appellant argues that the trial court abused its discretion in refusing to consider additional evidence presented by the Appellant on the June 11, 2014 hearing and make new findings of fact. This argument is very similar to the first issue raised in Appellant's concise statement; however, we will add to what we stated above.

The trial court is required to review the evidence *de novo* pursuant to Section 464 of the Liquor Code, 47 P.S. § 4-464. Specifically, Section 464 provides: "The court shall hear the application de novo on questions of fact, administrative discretion and such other matters as are involved...." *Id.* A trial court reviewing a decision of the PLCB not to renew a liquor license may sustain, alter, modify, or amend the PLCB's order. *Todd's By The Bridge, Inc. v. Pa. Liquor Control Bd.*, 74 A.3d 287 (Pa. Cmwlth. 2013); *Two Sophia's, Inc. v. Pa. Liquor Control Bd.*, 799 A.2d 917 (Pa. Cmwlth. 2002). In *Two Sophia's*, we explained, "*[d]e novo* review contemplates an independent evaluation of the evidence, which has already been presented." *Id.* at 922. Neither the statute nor decisional law requires a trial court to modify the PLCB's findings of fact when it hears additional evidence. Licensee cites no case law holding that a trial court is precluded from adopting the PLCB's findings when it receives additional evidence. We also note that the additional evidence presented by the Appellant was not relevant to the citations or the activities that formed the basis for non-renewal. The trial court thus did not err in adopting the PLCB's findings and was not required to enter new findings of fact after the June 11, 2014 hearing.

*Nonrenewal of Appellant's Liquor License*

Appellant's fourth issue in its Concise Statement asserts that the trial court committed an error of law, in that the evidence of record did not warrant the nonrenewal of the Appellant's Liquor License. This issue, again, is similar to Appellant's first and second error complained of on appeal. Under the Liquor Code, renewal of a liquor license is not automatic. Section 470 of the Liquor Code, 47 P.S. § 4-470, provides the PLCB may, in its discretion, refuse to renew a liquor license for many reasons. Section 470(a.1) of the Liquor Code, provides in pertinent part:

> (a.1) The Director of the Bureau of Licensing may object to and the board may refuse a properly filed license application:
>
> > (2) if the licensee [or its agents, employees ... ] ha[s] one or more adjudicated citations under this or any other license issued by the board ...
> >
> > (4) due to the manner in which this or another licensed premises was operated while the licensee, its shareholders, directors, officers, association members, servants, agents or employes were involved with that license. When considering the manner in which this or another licensed premises was being operated, *the board may consider activity that occurred on or about the licensed premises* or in areas under the licensee's control if the activity occurred when the premises was open for operation and *if there was a relationship between the activity outside the premises and the manner in which the licensed premises was operated.*

> *The board may take into consideration whether any substantial steps were taken to address the activity occurring on or about the premises.*

47 P.S. § 4 470(a.1)(emphasis added).

In the case *sub judice,* Licensee has accrued more than a single citation and has made only paltry attempts to remedy the violations. Licensees are held strictly liable for violations of the Liquor Code that occur on the licensed premises. *Pennsylvania Liquor Control Bd. v. TLK, Inc.,* 518 Pa. 500, 544 A.2d 931 (1988). This court upheld the PLCB's exercise of its discretion under Section 470 of the Liquor Code to find that Appellant's violations were sufficient to support a decision refusing a renewal application. *Hyland Enters, Inc., Pennsylvania Liquor Control Bd.,* 631 A.2d 789 (Pa. Cmwlth. 1983). Licensee's adjudicated citations of varying levels of severity resulted in a total of $14,500.00 in fines and seven days of suspension. Accordingly, the trial court did not commit an error of law, and the evidence of record formed a sufficient basis for the trial court to sustain the PLCB's decision of nonrenewal.

### Trial Brief and Supplemental Trial Brief

Finally, Appellant incorporates by reference the trial brief and supplemental trial brief filed in this matter, both of which contest the findings of fact and decision of the Pennsylvania Liquor Board. It is fundamental that matters attached to or contained in briefs or memorandum are not evidence and cannot be considered part of the record. *Zinman v. Department of Insurance,* 400 A.2d 689, 691 (Pa. Cmwlth. 1979); *see also School District of the City of Monessen v. Farnham & Pfile Co., Inc.* 878 A.2d 142, 150 n. 4 (Pa. Cmwlth. 2005) (providing that "statements in legal briefs and memoranda are not evidence"); *Erie Indemnity Co. v. Coal*

*Operators Casualty Co.*, 272 A.2d 465, 466-67 (Pa. 1971) ("briefs are not part of the record and the court may not consider facts not established by the record").

This court considered all issues raised by the Appellant throughout the course of this case. The court reviewed a wealth of information, including the PLCB's Findings of Facts. The transcripts are extensive, as are the Board's Opinions. The fact of the matter is that D. Weaver Corporation inexplicably refuses to conform its behavior to the dictates of the Liquor Code and Board's Regulations. There can be no doubt that the sale of alcohol is and should be one of the most highly regulated industries in the state. Licensee's failure to correctly follow the rules can lead to disastrous results. Sadly, Licensee does not seem to acknowledge this point. Indeed, the best indicator of future behavior is often past behavior. The evidence, as we see it, makes it glaringly obvious that Licensee cannot conform its behavior to the law. The facts in this case support our decision of nonrenewal.

### *Conclusion*

In light of the foregoing analysis, the court would respectfully assert that the errors complained of on appeal are without merit, and that the appeal should be dismissed and the judgment of this court not be disturbed.

BY THE COURT,

_____
ROBERT L. BOYER, Judge

cc:  Jack W. Cline, Esq. (724) 662-2131
Michael Plank, Esq. (717) 787-8820
Clerk of Courts