639 A.2d 440

**PENNSYLVANIA STATE POLICE, BUREAU OF LIQUOR ENFORCEMENT, Appellee,**

v.

**KELLY'S BAR, INC., t/a Kelly's Bar, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 18, 1993.

Decided March 24, 1994.

Robert J. Kerns, and Carol A. Sweeney, Lansdale, for Kelly's Bar.

Roy Harkavy, Allentown, and Joseph S. Rengert, Harrisburg, for PA State Police.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

This is the appeal of Kelly's Bar, Inc., t/a Kelly's Bar (Appellant) from the opinion and order of the Commonwealth Court reversing the order of the Court of Common Pleas of Bucks County and ordering that a fine imposed upon Appellant by the Pennsylvania Liquor Control Board be reinstated.

Appellant, a licensee authorized to sell alcoholic beverages under the terms of the Liquor Code, Act of April 12, 1951, P.L. 90, as re-enacted by Act of June 29, 1987, P.L. 32, effective on July 1, 1987, 47 P.S. § 4–470 et seq., was cited on January 30, 1990, by the Pennsylvania State Police, Bureau of Liquor Control Enforcement for furnishing liquor and/or malt

brewed beverages to a visibly intoxicated person, a violation of section 493(1) of the Liquor Code, 47 P.S. § 4–493(1).

On May 31, 1990, an evidentiary hearing was conducted before an Administrative Law Judge, where an enforcement officer testified that at approximately 9:40 p.m. on Thursday, September 28, 1989, he entered Appellant's establishment and seated himself across from the bar to observe the patrons. The officer further testified that at approximately 10:20 p.m., he observed a patron at the bar drinking a bottle of beer who exhibited a fixed stare into space and who had impaired hand and eye coordination which was manifested by his knocking over the beer he was drinking. This patron staggered as he walked and slurred incoherently as he tried to order a six-pack of beer. At 10:30 p.m., the patron was served the six-pack, which he placed on the floor and was also served another beer to drink at the bar.

Within five minutes, this same patron complained that someone took his six pack (which lay at his feet) and ordered another six-pack of beer which was also served to him. The patron seated at the next bar-stool picked up the first six-pack and placed it on the bar in front of the male patron as he was finishing his beer. He then tried to get off his chair with his two six-packs, showing little balance or coordination. Before he staggered out of the bar, the barmaid was heard to ask this patron "Can you make it out all right?" and the patron responded, "Full steam ahead."

The barmaid did not recall the episode. The Administrative Law Judge found the Enforcement Officer's testimony to be credible and that it established a violation of the proscription against serving visibly intoxicated patrons, embodied in Section 493(1) of the Liquor Code, 47 P.S. § 4–493(1), and imposed a $500.00 fine. An appeal followed to the Liquor Control Board, which, finding substantial evidence to support the findings of the Administrative Law Judge, affirmed his order.

Appellant then filed an appeal in the Court of Common Pleas of Bucks County which reversed the order of the Board.

That court concluded that the Commonwealth had not satisfied its burden of proof because it submitted nothing more than the record of the proceedings before the Administrative Law Judge and Board as its case. The court reasoned that as its review of this matter, under Section 471 of the Code, 47 P.S. § 4–471, was *de novo,* it required the Commonwealth to present something more than the record of the proceedings taken before the Administrative Law Judge and Board to establish a case against Appellant.

The Pennsylvania State Police, Bureau of Liquor Enforcement (Bureau) appealed this decision to the Commonwealth Court which reversed. Relying, on its recent decision of *Appeal of Iggy, Inc.,* 140 Pa.Commonwealth Ct. 168, 592 A.2d 122 (1991), it concluded that *de novo* review under Section 471 of the Liquor Code was no longer available and that the proper scope of review in such appeals was limited to determining whether the Administrative Law Judge's findings are supportable by substantial evidence, whether there was an error of law committed, or whether the Administrative Law Judge abused his discretion. Applying that standard, the Commonwealth Court found the Administrative Law Judge's decision to be supported by substantial evidence and without error of law or discretion. Accordingly, it reversed the order of the Court of Common Pleas and ordered the reinstatement of the fine against Appellant. *Pennsylvania State Police, Bureau of Liquor Control Enforcement v. Kelly's Bar, Inc., t/a Kelly's Bar,* 147 Pa.Commonwealth Ct. 710, 609 A.2d 630 (1992).

We accepted further review because the identical issue concerning the scope of review in licensee suspension and fine cases under Section 471 was before us in *Pennsylvania State Police, Bureau of Liquor Control Enforcement v. Cantina Gloria's Lounge, Inc.,* 536 Pa. 254, 639 A.2d 14 (1993) (J–57–1993, slip opinion filed this day and controls the disposition of this case.)

In *Cantina Gloria's Lounge,* we determined that the Court of Common Pleas are still required, under amended Section 471 of the Liquor Code to conduct *de novo* review on questions

of law, fact, administrative discretion and such other matters as are involved and, in the exercise of its statutory discretion, to make its own findings and conclusions. Based upon its *de novo* review, it may sustain, alter, change, modify or amend the board's action whether or not it makes findings which are materially different from those found by the Board or the Administrative Law Judge.

In this case, the trial judge recognized the proper scope of review as being *de novo* but misunderstood the full import of the review. The trial court apparently felt that the Commonwealth had to retry the case in its entirety rather than relying upon the record created before the Administrative Law Judge. This was error. The trial court has the duty of receiving the record of the proceedings below, if introduced in evidence, together with any other evidence that is properly received, and then make its own findings of fact, conclusions of law and assess the appropriate penalty, if any.

In exercising its duty, the trial court has discretion in adopting as its own the findings of fact, conclusions of law and any penalty imposed by the Administrative Law Judge. The trial court also has the discretion to change, alter, modify or amend the findings, conclusions and penalties imposed, of the Administrative Law Judge and the Board.

Accordingly, we must remand to the Court of Common Pleas so that it can exercise its own statutory discretion, to make its own findings of fact and conclusions based on the record submitted by the Board and the additional evidence it received during the *de novo* hearing, and to determine for itself whether it is appropriate to sustain, alter, change or modify the penalty imposed.

The order of the Commonwealth Court is reversed and this matter is remanded to the Court of Common Pleas of Bucks County for proceedings consistent with this opinion.

LARSEN, J., did not participate in the decision of this case.

MONTEMURO, J., who was an appointed Justice of the court at the time of argument, participated in the decision of this case in his capacity as a Senior Justice.