**X-tra Inc. v. Pennsylvania Liquor Control Board**

*Edward B. McHugh,* for plaintiff.
*Robin Coward,* for defendant.

DYCH, *J.,* January 25, 2006—X-tra Inc. appeals from my order of December 2005, affirming the decision of the Pennsylvania Liquor Control Board.

The reasoning and authority for my decision are set forth in the memorandum, which accompanied that order, and is appended hereto.

MEMORANDUM AND ORDER

DYCH, *J.,* December 2005—X-tra Inc. appeals from the July 27, 2004 order of the Pennsylvania Liquor Control Board refusing renewal of appellant's amuse-

ment permit based upon four citations for permitting lewd, immoral or improper entertainment in violation of 47 P.S. §4-493(10) of the Liquor Code, and for permitting entertainers to contact or associate with patrons for a lewd, immoral, improper or unlawful purpose in violation of 40 Pa. Code §5.32(c) of the Pennsylvania Liquor Control Board Regulations. The record below was received into evidence and additional testimony taken.

The scope of review for the common pleas court concerning Liquor Enforcement matters is a de novo review. *Pennsylvania State Police, Bureau of Liquor Control Enforcement v. Cantina Gloria's Lounge Inc.,* 536 Pa. 254, 639 A.2d 14 (1994). This court has a duty to accept the record for the proceedings below if introduced into evidence, together with any other evidence that is properly received, and to make its own findings of fact, conclusions of law, and assess the penalties, if any. *Pennsylvania State Police, Bureau of Liquor Control Enforcement v. Kelly's Bar Inc.,* 536 Pa. 310, 639 A.2d 440 (1994). This court, in its discretion, may change, alter, modify or amend the findings, conclusions, and penalties imposed by the board. *Id.*

The Liquor Code grants the board authority to refuse to renew an amusement permit based upon the licensee's operating history. 47 P.S. §4-478(a). By letter dated October 17, 2003, the board notified appellant that it objected to the renewal of its amusement permit based upon four citations,[1] the last of which was issued on Septem-

---

1. Citation numbers 02-1742, 02-0538, 01-0945 and 00-1130.

ber 20, 2002. The citations all involved similar conduct[2] occurring on 17 different occasions. The board issued an order refusing renewal of appellant's amusement permit on July 27, 2004, and this timely appeal followed.

Appellant does not dispute the facts of the adjudicated citations. Rather, appellant contends that its amusement permit should be renewed because it has taken substantial steps to address the wrongful activity. 47 P.S. §4-470(a)(4) (stating, "The board may take into consideration whether any substantial steps were taken to address the activity occurring on or about the premises"). Whether a licensee has taken substantial steps to prevent wrongful activity, however, is merely one factor to consider when deciding whether an amusement permit should be renewed. 47 P.S. §4-470. Furthermore, I find that appellant has not demonstrated that substantial steps were taken to prevent recurrence of the wrongful activity.

Appellant's employee, Ms. Candice Carney, testified concerning alleged remedial measures, many of which were similarly attested to by appellant's corporate officer, Patsy Demone, by way of affidavit. These alleged measures included: (1) implementing a strict hiring process including interviews and orientation (N.T. January 10, 2005 hearing, pp. 15-19; April 14, 2005 hearing, pp. 11,

---

2. All of the citations concerned female dancers performing bare-chested for male patrons at appellant's establishment. In the citations involving unlawful contact between the dancers and patrons, the dancers performed couch dances on patrons during which patrons were permitted to fondle the dancers' breasts and buttocks. Other citations concerned dancers accepting tips from patrons by pressing their breasts together, as well as grabbing and squeezing patrons' crotch areas.

12); (2) adopting new house rules (exhibit L-1, case no. 04-9128, 1/10/05); (3) hiring of a house mom to strictly enforce appellant's policies (N.T. 1/10/05, pp. 10, 38-41; 4/14/05, pp. 11, 12); (4) installation of a camera system (N.T. 1/10/05, pp. 12, 23, 40); and, (5) hiring of additional floor personnel to monitor the entertainers' conduct. (N.T. 1/10/05, p. 59; 4/14/05, p. 11.) I heard Ms. Carney's testimony, observed her demeanor and found this self-serving testimony unpersuasive. Appellant has not demonstrated that substantial steps were taken to prevent the wrongful activity, nor have they demonstrated that any remedial measures taken had any effect in improving appellant's conduct.

The East of Broad Improvement Association, the Historical Society of Pennsylvania, the Library Company of Philadelphia and Ruthann Madway (the intervenors) presented additional testimony to this court.[3] The combined testimony offered by the intervenors suggests that appellant continues to permit entertainers to engage in the same or similar behavior which caused issuance of the citations, and that any purported policy changes have not been effective in addressing this conduct. This court

---

3. Mr. Robert Clements, a private investigator hired by the intervenors, Reverend William Goldwater, and Ms. Sarah Batchelor all testified on behalf of the intervenors concerning their visits to appellant's establishment. Ms. Batchelor observed dancers performing barebreasted, touching their private parts, and simulating masturbation. (N.T. 1/10/05, pp. 51-52, 54-55.) Reverend Goldwater observed dancers performing bare-breasted and receiving tips between their breasts or inside their g-string. (N.T. 4/14/05, pp. 62-63.) Mr. Clements observed dancers receiving tips between their breasts or inside their g-string, touching of patrons, and touching and rubbing of patrons during couch dances. (N.T. 4/14/05, pp. 48-51.)

found the testimony presented by the intervenors to be credible and persuasive.

Appellant also contends that the board violated appellant's due process rights by usurping the powers of the Bureau of Liquor Control Enforcement and penalizing appellant twice for the same conduct. Appellant's reasoning would only bestow the board with the power to refuse renewal of a permit based upon unadjudicated citations, lest a licensee be penalized twice for the same conduct. However, the Liquor Code explicitly grants the board authority to refuse to renew an amusement permit based upon the licensee's operating history. 47 P.S. §4-478(a). The director of the Bureau of Licensing is authorized to object to the renewal of an amusement permit on the ground that a licensee has permitted lewd, immoral or improper entertainment in violation of 47 P.S. §4-493(10) of the Liquor Code. *Id.* 47 P.S. §4-478(a) authorizes the board to refuse renewal of appellant's permit based upon adjudicated violations of 47 P.S. §4-493(10). Clearly, appellant's due process rights have not been violated.

Accordingly, after consideration of the record and the evidence received at the hearing of April 14, 2005, I find as fact that:

(1) Appellant X-tra Inc. received four citations, numbers 02-1742, 02-0538, 01-0945 and 00-1130, for permitting lewd, immoral or improper entertainment on premises licensed with an amusement permit in violation of section 493(10) of the Liquor Code, 47 P.S. §4-493 (10).

(2) In response to the aforementioned citations, appellant did not take substantial measures to prevent further

misconduct by its employees, agents, servants, or entertainers on the premises.

(3) Appellant continues to permit lewd, immoral or improper entertainment on its premises in violation of the Liquor Code, 47 P.S. §4-493(10).

I conclude as law that:

(1) Appellant's actions following the board's warning letter dated October 17, 2003 did not constitute substantial steps to prevent the wrongful activity.

(2) The weight of the evidence supports denying the renewal of appellant's amusement permit.

(3) Appellant's due process rights were not violated.

Therefore the following order is entered:

ORDER

And now, November 30, 2005, it is ordered and decreed that the renewal of the amusement permit associated with restaurant liquor license no. R-1097 is denied.