## Y-Doow-It, Inc. v. Pennsylvania Liquor Control Bd.

C.P. of Lehigh County, no. 2010-C-1909.

*Theodore J. Zeller III*, for appellant.
*Roy Harkavy*, for appellees.

FORD, *J.*, December 16, 2010—The appellant, Y-Doow-It, Inc., a liquor licensee, filed an appeal from an order of the Pennsylvania Liquor Control Board (PLCB) dated March 17, 2010. In that order, the PLCB affirmed a November 18, 2009, adjudication and order of an administrative law judge (ALJ) which sustained a citation and fine against appellant for a violation of the Pennsylvania Liquor Code, 47 P.S. §§ 1-101 through 10-1001. After conducting a de novo review of the evidence presented before the ALJ, I find appellant violated the Liquor Code. Thus, appellant's appeal must be dismissed.

## Procedural History

On June 3, 2008, the Pennsylvania State Police, Bureau of Liquor Control Enforcement, issued citation number 08-1167 to appellant. Through the citation, the Bureau charged appellant with a violation of Section 4-493(1) of the Liquor Code. According to the citation, agents of the appellant furnished alcohol to two visibly intoxicated patrons in appellant's bar on April 26, 2008.

On September 18, 2009, ALJ David L. Shenkle conducted an evidentiary hearing on the allegations contained in the citation. On November 18, 2009, the ALJ issued an adjudication and order sustaining the citation and ordering the appellant to pay a fine of $1,000.

On December 17, 2009, appellant appealed the November 18, 2009, adjudication and order to the PLCB. On March 17, 2010, the PLCB issued an order affirming the decision of the ALJ and dismissing appellant's appeal.

On April 16, 2010, appellant, acting pursuant to Section 4-471 of the Liquor Code, filed the current appeal with this court. Through the appeal, appellant challenges the PLCB's order of March 17, 2010.

On September 17, 2010, appellant filed a memorandum in support of its appeal. On the same day, the appellee, the bureau, filed a brief in opposition to the appeal.

Instead of conducting an evidentiary hearing before the court, the parties stipulated to the court's review based on the factual record developed through the administrative proceedings, including the hearing before the ALJ on September 18, 2009. This is an appropriate procedure. See *Pennsylvania State Police, Bureau of Liquor Control Enforcement v. Kelly's Bar, Inc.*, 536 Pa. 310, 639 A.2d 440 (1994).)

## Findings of Fact

1.  Appellant operates a bar located at 1841 South Street, Allentown, Pennsylvania.

2.  Appellant holds Pennsylvania liquor license number R-SS-11835; LID 453863.

3.  On April 26, 2008, at approximately 9:40 p.m., Richard Stegman, Jr., an enforcement officer employed by the Bureau, entered appellant's bar in an undercover capacity. N.T., 9/18/09, p. 6.

4.  Officer Stegman took a seat at the bar and observed two patrons, a man and a woman, behaving in a loud and obnoxious manner and yelling obscenities at the bartender, identified as Charlie. N.T., 9/18/09, pp. 6-7.

5.  The speech of the two patrons was slurred. The

man had bloodshot eyes. N.T., 9/18/09, pp. 6-8.

6. The man had in front of him a draft beer and another drink (that was not proven to be alcoholic). He drank from both drinks. The man loudly yelled at the bartender, "Just throw me the f___ out of here, throw me the f___ out of here. Where's my f___ ing ziti?" N.T., 9/18/09, p. 8.

7. The woman yelled loudly several times at the bartender, "Bend over and let me see that f___ ing ass." N.T., 9/18/09, p. 8.

8. The bartender served each of these two patrons one shot of Goldschlager schnapps which was observed by Officer Stegman. N.T., 9/18/09), pp. 8-9.

9. The male patron seen by Officer Stegman was Jeffrey Bissey and the female patron was Mr. Bissey's wife.

10. Mr. and Mrs. Bissey arrived at appellant's bar shortly after 7:00 p.m. and left the premises around 10:15 p.m., N.T., 9/18/09, pp. 17-18.

11. Mr. Bissey admitted to drinking draft beer and a shot of Goldschlager at the appellant's bar on the night in question. N.T., 9/18/09, p. 21. Although he could not recall the exact number of alcoholic beverages he consumed at the bar that night, Mr. Bissey testified that he "most likely" had more than one shot. N.T., 9/18/09, p. 22. When asked if it was possible that he consumed "four or five or six" shots at the bar that night, Mr. Bissey testified, "I don't think that many, but I don't count." N.T., 9/18/09, p. 22.

12. When asked if he was intoxicated when he left appellant's bar, Mr. Bissey testified, "No, not too bad that

I couldn't leave." N.T., 9/18/09, p. 20.

13. In the opinion of Officer Stegman, Mr. and Mrs. Bissey were visibly intoxicated when he saw them inside appellant's bar.

14. Mr. and Mrs. Bissey were visibly intoxicated when Officer Stegman saw the bartender serve them the alcoholic beverage, Goldschlager.

### Discussion and Conclusions of Law

The standard of review for a court of common pleas hearing an appeal from an order of the PLCB is de nova. *Pennsylvania State Police, Bureau of Liquor Control Enforcement v. Cantina Gloria's Lounge, Inc.*, 536 Pa. 254, 259, 639 A.2d 14, 16 (1994).

Thus, the court of common pleas must make its own findings of fact and conclusions of law and may modify or amend the penalty imposed by the PLCB. *Id.* The commonwealth bears the burden of proving a violation of the Liquor Code by a fair preponderance of the evidence. *In re Greensburg Lodge No. 1151*, 260 A.2d 500, 501 (Pa. Super. 1969).

Appellant is charged with violating Section 4-493(31) of the Liquor Code, which makes it unlawful for a liquor licensee to permit alcoholic beverages to be sold, furnished or given to a visibly intoxicated person. In Pennsylvania, all people who are intoxicated are not necessarily visibly intoxicated. See *Suskey v. Loyal Order of Moose Lodge No. 86*, 472 A.2d 663 (Pa. Super. 1984). In order to prove a violation of Section 4-493(1), the Commonwealth must present evidence that a patron was visibly intoxicated at the time he was served alcohol. *Couts v. Ghion*, 421

A.2d 1184, 1188 (Pa. Super. 1980). Evidence of visible intoxication includes staggering, slurred speech, bloodshot eyes, a strong odor of alcohol or unusual behavior. See *Baker v. Township of Lebanon*, 512 A.2d 71(Pa. Cmwlth. 1986); and *Cows v. Ghion*, 421 A.2d at 1184.

The evidence of record indicates that Officer Stegman observed both Mr. and Mrs. Bissey yelling loudly and obnoxiously, using obscenities and speaking with slurred speech. The officer further observed that Mr. Bissey had bloodshot eyes. These observations support Officer Stegman's conclusion that both Mr. and Mrs. Bissey were visibly intoxicated. As observed by the Commonwealth Court, evidence of intoxication is a matter of common observation and, therefore, the testimony of a liquor enforcement officer is sufficient to sustain the Commonwealth's burden of proof in demonstrating visible intoxication. *Laukemann v. Pennsylvania Liquor Control Board*, 475 A.2d 955, 955-57 (Pa. Cmwlth. 1984). Officer Stegman observed appellant's bartender, Charlie, furnish alcohol to Mr. and Mrs. Bissey while they were in a visibly intoxicated state. This furnishing of alcohol constitutes a violation of the Liquor Code.

The testimony of Mr. Bissey corroborates Officer Stegman's conclusion that Mr. Bissey was visibly intoxicated. Mr. Bissey testified that he and his wife arrived at the appellant's bar shortly after 7:00 p.m., This means that the couple was present at the bar for approximately two and a half hours before Officer Stegman arrived and made his observations. Mr. Bissey admitted that he drank draft beer and a shot of Goldschlager at appellant's bar. He further testified that he "most likely" had more than one shot of Goldschlager at the bar, but stated that he did not

know how many shots he had in total. Mr. Bissey clearly had several drinks. When asked if he was intoxicated when leaving the bar, Mr. Bissey testified, "No, not too bad." I interpret this as an admission by Mr. Bissey that he was experiencing some level of intoxication. These admissions bolster the observations and conclusion of Officer Stegman that Mr. Bissey was visibly intoxicated when he saw him get the last Goldschlager from the bartender.

I consider and reject the defense presented which was to the effect that Mr. and Mrs. Bissey are loud and obnoxious even when they are not drinking. I do not know if that is true, but I am convinced that their unsavory display on April 26 was not just sour personalities at work. Their intoxication accounted for what Officer Stegman witnessed.

In sum, the evidence of record supports the finding that appellant violated the Liquor Code by furnishing alcoholic beverages to visibly intoxicated persons. Thus, the appellant's appeal is dismissed and the PLCB's order of March 17, 2010, is affirmed.